WILLIAM WINN, JAMES ROSS ET AL.
vs.
WILLIAM J. ALBERT AND WIFE
ET AL.

MARCH TERM, 1851.

[STATUTE OF FRAUDS—RULES OF EVIDENCE—EFFECTS OF ANSWER—CHANCERY PRACTICE.]

THERE can be no doubt that a court of equity will enforce the specific performance of a contract within the statute of frauds, not in writing, when it is fully set forth in the bill, and is confessed by the answer of the defendant, and the statute is not relied upon as a defence.

The only ground upon which relief in such cases is granted, is, that where the defendant confesses the agreement and does not insist upon the statute, he is supposed to have waived it as a defence.

The answer of a defendant confessing a parol agreement charged in the bill cannot be regarded as a compliance with the statute : for though he confesses the agreement, he may still rely upon the statute as a defence.

The answer of one defendant, in chancery, is not evidence against a co-defendant claiming title under the former, for the reason that the party against whom the answer is proposed to be read would be deprived of the benefit of a cross-examination.

The answer, when responsive to the bill, though uncontradicted, cannot be taken to establish any thing in bar of the relief prayed, which *parol* testimony would not be admitted to prove, for it is as *evidence only* that it is received.

As a general rule, no claim should be stated or noticed by the Auditor, unless filed in the cause in which the fund is to be distributed ; but when he is referred to claims filed in another cause by some sufficient designation, and is instructed to state them, there can be no reason why he should not do it, as it would prevent the necessity of shifting claims, or the vouchers of claims, from one cause to another, and thereby obviate much inconvenience.

[The first order passed in this case, and which was affirmed by the Court of Appeals, has already been reported, (see page 42 of the February and March number,) and the questions now decided arise upon exceptions filed to the accounts of the Auditor disposing of the proceeds of the "Wheatfield Inn," all of which, with the facts upon which they depend, are fully stated in the opinion.]

THE CHANCELLOR:

This cause is now brought before the court upon exceptions to the report of the Auditor, and the counsel for the parties have been heard. In one of the accounts accompanying this report, the whole of the net proceeds of the "Wheatfield Inn" has been assigned to William J. Albert and wife, in part payment of their claim, No 26, and the propriety of this appropriation is the principal question now to be decided. It is a question of interest and importance, not only with reference to the amount of money involved, but with regard to the principle upon which the claim to a preference over the other creditors is asserted.

A short statement of the facts of the case is necessary to a proper understanding of it.

Samuel Jones being indebted to his sister, Emily J. Albert, the wife of William J. Albert, for certain trust funds held by him for her use under the will of his father, Talbot Jones, and which he (Samuel Jones) had converted into money and misapplied—some time in the month of November, 1845, he agreed, (as is alleged,) by parol, to convey to the said Albert and wife, a piece of property in the city of Baltimore called the "Wheatfield Inn," by way of mortgage, for the purpose of securing to them the amount so misapplied; but this agreement was never executed.

Subsequently, to wit, on the 14th of September, 1846, Jones having then become utterly insolvent, certain of his creditors filed a bill in this court, alleging the fact of such insolvency, that he contemplated applying for the benefit of the insolvent laws, and charging that he designed giving preferences to certain of his creditors, his near relations; and that he was about to convey a large portion of his property to said Albert and wife, with intent to give them an undue and improper preference: prayed for and obtained an injunction, restraining him from giving, and them from receiving, such preference.

On the 29th of the same month and year, and after the service of the injunction upon them, and whilst it remained in full force and effect, Albert and wife filed their bill on the equity side of Baltimore County Court, alleging the indebtedness of

Jones to them, his promise to secure them by a conveyance of the "Wheatfield Inn," and his failure to do so, and praying that he might be decreed to pay the money.

On the 22d of October following, they filed a second bill in the same court, with similar allegations as the first, and charging, moreover, that Jones was about making a conveyance of his property for the benefit of his creditors, prayed for an injunction to restrain him from conveying the "Wheatfield Inn," and an injunction was granted accordingly. Jones filed an answer to the first bill, on the 30th of October, 1846, admitting the allegations thereof, and on the day following, a decree passed directing him to bring into court forthwith to be paid to the complainants for the separate use of Emily J. Albert, and the other *cetuis que trusts* mentioned in the will of Talbot Jones, deceased, the sum of $4,849 34, with interest on a portion thereof, to be invested under the direction of the court.

Prior to this decree, that is to say, on the twenty-sixth of the same month and year, Jones conveyed all his property, except the "Wheatfield Inn," to Winn and Ross, upon the terms and conditions therein stated for the benefit of his creditors.

On the 19th of December, 1846, a writ of *fieri facias* issued upon the decree of Baltimore County Court, on the application of Albert and wife, which was levied by the sheriff on the "Wheatfield Inn."

Under these circumstances, Winn and Ross, the trustees in the deed executed, by Jones, on the 26th of October, 1846, together with certain creditors of Jones, filed their bill in this court, on the 13th of January, 1847, the object of which was upon the grounds stated therein, to vacate, as fraudulent and void, the decree of Baltimore County Court: and after a supplemental bill had been filed by Winn and Ross, as trustees of Jones in insolvency, he having petitioned for the benefit of the insolvent laws, on the 11th of January, 1847, and they appointed his trustees on the 2d of the ensuing month of February, an order passed this court on the 1st of December, 1847, continuing the injunction which had been granted upon the bill filed on the 13th of January, 1847, restraining Albert and wife from proceeding to enforce their decree.

This court, in granting and continuing the injunction, pro-
ceeded upon the ground, that the bill filed here on the 14th of
September, 1846, gave this court jurisdiction over the estate
of Jones, then utterly insolvent, and that so long as that bill
was depending; or, at all events, so long as the injunction,
which issued upon it remained in force, the parties, Albert and
wife, could not be permitted to resort to another court of con-
current jurisdiction, to secure themselves a preference over the
other creditors of Jones.   An appeal was taken by Albert and
wife from this order to the Court of Appeals, and the latter
court, at its December term, 1849, affirmed the order of this
court, upon the ground, that the controversy in regard to the dis-
tribution of Jones' estate, commenced with the bill filed in this
court, on the 14th of September, 1846 ; and that it brought
within the jurisdiction and control of this court, the entire liti-
gation in relation thereto ; and that it was competent for this
court to restrain Albert and wife from executing their decree,
and to "treat the whole proceeding in Baltimore County Court
as a nullity."

The estate of Jones, including the "Wheatfield Inn," having
been sold under proceedings in this court, and the proceeds
being now here for distribution, Mr. and Mrs. Albert exhibit
their claim and insist, that by virtue of the alleged parol agree-
ment with Jones, in the month of November, 1845, they have
a special lien on the proceeds of the sale of the "Wheatfield
Inn," and are entitled to be paid to the extent of those proceeds,
in exclusion of his other creditors.

Those creditors and the trustees, Winn and Ross, resist this
pretension, and insist, among other objections to it, that the
agreement, if any such was made, is void by the provisions of
the statute of frauds and perjuries, upon which they rely.

It is not doubted, and indeed has been conceded, that the
agreement is within the statute, but it has been forcibly urged
on the part of Albert and wife, that there is in the record, *written*
evidence of the agreement, sufficient to satisfy its requisitions.
It is contended, that the answer of Jones, to the bill filed against
him by Albert and wife, in Baltimore County Court, in which

the agreement to convey the property in question, by way of security, is specially charged, does furnish the written evidence demanded by the statute.    That the statute does not require the agreement itself to be in writing, but only that it must be *evidenced by writing ;* and that the answer of a defendant, admitting the agreement as charged in the bill, supplies the written evidence.

There can be no doubt, that a court of equity, will enforce the specific performance of a contract within the statute, not in writing, where it is fully set forth in the bill, and is confessed by the answer of the defendant, and the statute is not relied on as a defence—and the reason given is, that when the contract charged is fully admitted by the defendant, there can be no danger of fraud and perjury.

Mr. Justice Story, in stating this as the rule, and the reason for it, observes "perhaps another reason might fairly be added, and that is, that the agreement, though originally by parol, is now in part evidenced by writing, under the signature of the party, which is a complete compliance with the statute." 2 *Story's Equity Jurisprudence, sec.* 755.

With very great deference to this eminent judge, I may, perhaps, be permitted to express a doubt whether this additional reason can be supported upon principle.

The language of the statute upon the subject is this, "that no action shall be brought, whereby to charge any person, upon any agreement made upon consideration of marriage, or upon any contract or sale of lands, tenements, or hereditaments, or any interest in, or concerning the same, or upon any agreement, that is not to be performed within the space of one year from the making thereof, *unless the agreement* upon which such action shall be brought, or some memorandum, or note thereof, shall be in writing, and signed by the party, or his lawful agent."

The statute, therefore, by its terms, requires that the agreement itself, shall be in writing, or that there should be some memorandum, or note thereof, in writing.    It is not to be questioned, that an agreement originally by parol, may be subse-

16*

quently reduced to writing, and will be as binding as if reduced to writing at the time it was made. But the question here presented is, whether an answer in chancery, confessing a parol agreement charged in the bill, is equally binding, as if the agreement itself had been reduced to writing, and is a complete compliance with the statute of frauds ? It appears to me, to be obvious, if this be so, that a defendant who makes such a confession in his answer would not be permitted to avail himself of the statute, as a defence to the bill. How could he be suffered to plead the statute of frauds, upon the ground, that the contract was not in writing, when by his answer, he had reduced it to writing, or so evidenced it by writing under his signature, as to amount to a full compliance with the statute ? And yet nothing can be clearer, at this day, however the earlier cases may conflict upon the subject, than that a defendant, who by his answer, confesses the parol agreement charged in the bill, may successfully rely upon the statute as a defence.

I cannot avoid, therefore, entertaining a doubt, whether the statement of Judge Story, with reference to the effect of an answer admitting the parol agreement set forth in the bill, would be sustained; and am of opinion that when the defendant confesses the agreement in his answer and does not insist upon the statute, he will be deemed to have waived it, and upon that ground, and upon that ground only, is relief granted.

I cannot bring myself to think, that the answer will be viewed as supplying the requisitions of the statute, when, notwithstanding the answer, the defendant may avail himself of the statute to defeat the contract. If the statute has been fully complied with, how could it be interposed to protect the defendant. He might, with the same propriety, plead the statute against an agreement actually reduced to writing at the time it was entered into.

There is no reason at all to doubt that Jones was indebted to Mrs. Albert, in a large sum of money, and that the debt originated in the misapplication by him of trust funds in his hands, belonging to her; nor do I think, if he had secured this indebtedness, by a valid agreement or conveyance of his proper-

ty, in November, 1845, there is any ground apparent upon this record, upon which the validity of such an act could be disputed.

The question then is, have Albert and wife succeeded in establishing a valid agreement against Winn and Ross, and the creditors of Jones, represented by them, and in opposition to the statute of frauds?

This case is not like the case of *Alexander* vs. *Ghiselin*, 5 *Gill*, 138, for here, confessedly, the contract relates to land, which the court in that case say would have been a fatal objection, if the subject of the agreement there had been land.

Unless, therefore, Mr. and Mrs. Albert can succeed in taking the case out of the operation of the statute, or can show that its provisions have been complied with, they cannot have the lien which they claim on these proceeds.

They rely upon the answer of Jones, to the bill filed by them, on the equity side of Baltimore County Court in which the agreement as set up in the bill is admitted; and they insist, that notwithstanding the bill, and the proceedings upon it, were *coram non judice*, the answer may be used for the purpose of proving the agreement in this case.

The argument is, that the cause now to be decided, is founded, not upon the bill filed on the 14th of September, 1846, but upon that filled on the 13th January, 1847; and that as the latter bill refers to, and brings into this cause the bill and the proceedings upon it, filed by Albert and wife in Baltimore County Court, on the 29th of September, 1846, that bill and the answer to it of Jones, must be evidence in this case.

Upon referring, however, to the bill filed by Winn and Ross and others, on the 13th of January, 1847, it will be found, that the only reference made by it to the bill of Albert and wife, and the proceedings upon it, is in condemnation of it, and them. It impeaches them upon various grounds, and among others, upon the ground that they were in violation of the injunction of this court, granted on the 14th September, and were had before a court which had no jurisdiction to grant the relief prayed.

It has been remarked, and the proposition it is believed can-

not be disputed, that, as against Jones, his answer to the bill of Albert and wife, would have concluded him, unless he had relied upon the statute of frauds; and there would have been a decree enforcing the agreement set up in the bill, and confessed in the answer.

But does it follow, that if these parties, Winn and Ross, claiming, either under the deed of trust, or as trustees in insolvency, had been parties in that cause, the answer of Jones could have been read against them?

In the case of *Jones* vs. *Hardesty et al.*, 10 *Gill & Johns.*, 404, it was decided by the Court of Appeals, contrary to the cases of *Field* vs. *Holland*, 6 *Cranch*, 8, and *Osborn* vs. *The United States Bank*, 9 *Wheaton*, 378; that the answer of one defendant in chancery is not evidence against a co-defendant claiming title under the former; for the reason, that the party against whom the answer is proposed to be read, would be deprived of the benefit of a cross examination. If, therefore, Winn and Ross had been parties defendants to the bill of Albert and wife, with Jones, his answer could not have been read against them, and the complainants, if they wished to have the benefit of his testimony, would have been required to examine him as a witness.

But conceding that the answer could be read *as evidence*, and it certainly can have no greater effect than evidence, will it be sufficient to remove the bar of the statute of frauds? It has been shown that an answer admitting a parol agreement within the statute will not prevent the party answering, from relying upon the statute. Jones himself, notwithstanding that answer might have taken shelter under the provisions of the statute, and if so, can it be successfully argued, that other parties, though claiming under him, may not avail themselves of the same protection? The answer if it can be read, then, is evidence, but evidence of what? Why of a parol agreement relating to land, and void by the statute of frauds.

The Court of Appeals in the case of *Jones* vs. *Sluby*, 5 *Har. & Johns.*, 381, 382, say, speaking of the effect of an answer when responsive to the bill, "that though uncontradicted it can-

not be taken to establish any thing in bar of the relief prayed, *which parol testimony* would not be admited to prove; for it is as evidence only that it is received."

My opinion, therefore, is, that even if the answer of Jones can be read, which, however, is by no means admitted, still, it does not deprive the parties of the right to rely upon the statute of frauds against the claim of Mr. and Mrs. Albert, and that consequently the lien insisted upon cannot be maintained.

It has been objected, though the objection is not pressed, that Albert and wife, by proceeding in the Baltimore County Court, have exposed their claim to total defeat. That, according to the opinion of the Court of Appeals, they should have come into this court, under the proceedings pending here, and not having done so, but having resorted to a court which, under the circumstances, had no jurisdiction, they subjected their claim to be defeated entirely. It is true the Court of Appeals say, that by pursuing the course they did, they exposed their claim to defeat, but where? why, in Baltimore County Court, in which, by the order of this court, and the decree of the Court of Appeals affirming that order, they have been defeated. But Albert and wife are now in this court, which, as the Court of Appeals say, is the appropriate tribunal to grant them relief; and they are proceeding in the cause in which that relief may be administered. They may, therefore, prove their claim here, and participate in the fund as general creditors.

The Auditor reports, that he has applied the proceeds of sale to the payment of the claims filed in this cause, and also to claims against Jones in two other cases; and submits whether, as no order of consolidation has passed, he should have recognized any claim against Jones which was not actually filed in this cause.

As a general rule, certainly no claim should be stated or noticed by the Auditor, unless filed in the cause in which the fund is to be distributed; that is, he is not to examine the files of other causes for the purpose of finding claims against the party, the proceeds of whose estate he is distributing; but where he is referred to the claims thus filed in another cause

by some sufficient designation, and is instructed to state them, I can see no reason why he should not do so. It would prevent the necessity of shifting claims, or the vouchers of claims, from one cause to another, and thereby obviate much inconvenience.

Some of the claims are reported not to be sufficiently proved, and perhaps there may be some doubt of the sufficiency of the proof of claim No. 26, I shall, therefore, pass an order, giving liberty to take further proof, and direct the Auditor to state a final account, excluding all claims which may not be sufficiently proved at the time.

ALEXANDER AND DULANEY, for Complainants.
NELSON AND DONALDSON, for Defendants.