HENRY PATTON AND MILES C. HUYETT v. FRANCIS J. CHAMBERLAIN AND JANE E. CHAMBERLAIN.

*Recognition of parol trust in lands—Rights of creditors.*

Although by statute a parol trust in lands is void, the trustee may recognize it, and other persons, whose equities are not affected thereby, cannot interfere.

Lands held in parol trust, by a father for his daughter, were exchanged for others, which he conveyed to his brother, on like trust. Creditors of the father sought to reach it. *Held*, that the equities of the daughter were equal to those of the creditors, and she would be protected as against their claims.

The admission of the trust by the brother, in an answer in chancery, is a sufficient declaration of the trust in writing to answer the requirements of the statute of frauds.

Appeal from Superior Court of Detroit. Submitted April 27. Decided June 11.

JUDGMENT CREDITORS' BILL. Defendants appeal. Reversed.

*Joslyn & Freeman* for complainants.

*Atkinson & Atkinson* for defendants.

COOLEY, J. We have not been brought by the evidence in this case to the conclusion reached by the judge of the Superior Court. We are convinced that the testimony of Francis

| 44 | 5 |
| 94 | 380 |
| 44 | 5 |
| 98 | 661 |
| 44 | 5 |
| 113 | 80 |
| 113 | 439 |
| 44 | 5 |
| 114 | 651 |
| 44 | 5 |
| f150 | 281 |

J. Chamberlain is truthful, and that it defeats the complainants' case.

From this evidence it appears that, some twelve years or more ago Chamberlain's first wife caused to be conveyed to him an eighty acre lot of land in St. Joseph county, which she had purchased with money received from her father, on a trust declared orally, that he would hold the same for their infant daughter, then six years of age or thereabouts. This the wife did in expectation of her speedy decease, and she actually deceased six months thereafter. In Chamberlain's hands this lot was occupied and cultivated as part of a farm of 131 acres; the remaining 51 acres being owned by himself. It was all mortgaged by him for some $2,000. Becoming embarrassed in his circumstances he made an arrangement with his brother A. H. Chamberlain, whereby he exchanged the farm for certain property in Detroit, and caused the Detroit property to be conveyed to the defendant Jane E. Chamberlain, who is cousin to his daughter, on a verbal understanding that it should be held in trust for the daughter. It is this Detroit property which complainants, as judgment creditors of Francis J. Chamberlain, seek to reach.

If the farm in St. Joseph county had been in equity the property of Francis J. Chamberlain, a trust in respect to the Detroit property would have arisen in favor of his creditors when the exchange was made: *Maynard v. Hoskins*, 9 Mich. 485. But he had encumbered the farm to an extent that exhausted his interest, and in equity the daughter was entitled to the avails of the encumbered place when it should be disposed of. So far as concerns the controversy with these complainants, it is immaterial that the trust was a verbal one; it could not have been enforced against him, but it was nevertheless his duty to recognize and execute it; and when he did recognize it in the exchange made for other property, his creditors could not complain. The claim of his daughter that he should perform the trust was quite as strong in equity as any claim of creditors can be.

Jane E. Chamberlain defends this suit in the interest of the daughter, and avows the trust in her answer. That is a

sufficient declaration of trust in writing to answer the requirements of the statute of frauds: *McLaurie v. Partlow* 53 Ill. 340; *Whiting v. Gould* 2 Wis. 552; *Woods v. Dille*, 11 Ohio 455; *Cozine v. Graham* 2 Paige 177; *Chetwood v. Brittan* 1 Green Ch. 450; *Winn v. Albert* 2 Md. Ch. 169; *Kingsbury v. Burnside* 58 Ill. 310.

The decree must be reversed, and the bill dismissed, with the costs of both courts.

The other Justices concurred.