ALBERT T. WILLIAMS

v.

ESTATE OF RUSSELL HASKINS.

JANUARY TERM, 1894.

*Party to action.   Voluntary trust.   Accounting.   Interest.*

1.  *Held*, that upon the finding of the referee as to the interest of the plaintiff and his father in the property sued for, the plaintiff might, as to third persons, deal with it as exclusively his own, and could therefore maintain this suit in his sole name.

2.  A voluntary trust in personal property may be created by parol and without the knowledge of the beneficiary ; and it may be for the donor himself or for himself and another.

3.  Where the intestate put into the hands of the plaintiff two hundred dollars "for the benefit of himself and wife, to be used as they might need it," *held*, that a voluntary trust was thereby created for the intestate and his wife, and that the plaintiff might expend such sum for the needs of the wife after the death of the intestate.

4.  The plaintiff must account for any balance of the fund not actually expended for the benefit of the beneficiaries.

5.  The plaintiff, as administrator of the widow, applied to the probate court for an allowance out of the defendant estate for her support, covering what he sought to deduct in this suit. *Held*, that the plaintiff was not concluded by the adjudication in that proceeding.

6.  When plaintiff received the two hundred dollars he used it to pay off a mortgage on his farm. Subsequently the intestate recalled one hundred and fifty dollars of the fund and still later handed it back. *Held*, that the plaintiff was not chargeable with interest on the one hundred and fifty dollars from the time he received it back, it not appearing that he had made, or ought to have made, any gain from it.

7.  He should not be charged with interest after the demand of the administrator upon him, for that demand was for the whole amount and ought not to have been complied with.

8.  The plaintiff need not present to commissioners a claim for the amount expended for the wife, for that was not an affirmative claim against the estate, but only available as an offset upon an accounting for the fund.

9.  The plaintiff should be allowed for two small bills against the intestate, which he paid at the request of the widow.

Appeal from the disallowance of commissioners for the allowance of claims against the estate of Russell Haskins. Declaration, general assumpsit. Pleas, the general issue and offset. Heard upon the report of a referee at the April term, 1893, Chittenden County, TYLER, J., presiding. Judgment that the plaintiff recover the amount of his claim as allowed by the referee; that the defendant recover the two hundred dollars and interest, less the amount expended for the widow, but that no interest be computed on the one hundred and fifty dollars after it was handed back. Both parties except.

The intestate, Russell Haskins, died June 22, 1890, leaving a widow, Adaline Haskins. He was the uncle of the plaintiff, and during his lifetime they had lived near one another and on intimate terms. The account of the plaint-

iff, in so far as it was allowed by the referee, consisted mostly of charges for articles furnished from the farm of the plaintiff and his father.    In reference to the title of the plaintiff to this property the referee found :

" During the period covered by the plaintiff's account, he and his father, William Williams, lived together as one family, each owning a separate farm and stock.   Said two farms were carried on by the father and son as one farm ; they consulted together about the management of the same, and the stock, the increase, and the crops raised, were treated as common property, each having a joint or common interest therein.   Nothing was kept separate, each having an equal right to sell, and sold crops and stock, and the increase thereof, and to receive pay."

The defendant claimed to recover in offset two hundred dollars, held by the plaintiff to the use of the intestate, and interest from the time the plaintiff received it.

In reference to this the referee reported that in 1885 or 1886 the intestate put into the hands of the plaintiff's father, William Williams, two hundred dollars in money to be kept " for the benefit of himself and wife, to be used as they might need it," for " a rainy day," for " safe keeping." After this money had remained in the hands of William Williams for some time, he, being an old man and uneasy about it, paid it back to the intestate, who, in March, 1887, placed it with the plaintiff upon substantially the same conditions, and the plaintiff, upon receiving it, used it to pay off a mortgage on his farm.   In February, 1890, the intestate, fearing that the money would be trusteed, caused one hundred and fifty dollars to be repaid to him, but soon after the suit, out of which this apprehension sprung, was settled and he sent the one hundred and fifty dollars back to the plaintiff.

March 1, 1891, the administrator demanded of the plaintiff the two hundred dollars and interest.

After the death of the intestate his widow, with her per-

sonal effects, removed to the house of the plaintiff, where she remained until her death, November 17, 1890.

The plaintiff claimed that the two hundred dollars should be reduced by an account which he presented for various items of cash disbursed for her while so residing with him, for her board and attendance during that time, for the expenses of her last sickness, and for her funeral expenses. This account was not presented to the commissioners.

The plaintiff, as the administrator of Adaline's estate, made a claim in the probate court for the district of Chitten-den for an allowance for her support out of the defendant estate. The court allowed one hundred and five dollars of said claim and disallowed the remainder, from which decree the plaintiff appealed, said appeal being still pending.

*V. A. Bullard* for the plaintiff.

The balance of the two hundred dollars would belong to the estate of Adaline Haskins. *Porter* v. *Bank of Rutland*, 19 Vt. 410.

*L. F. Wilbur* for the defendant.

Plaintiff should have presented his claim in the name of himself and his father. He cannot recover in his sole name. *Duryea* v. *Whitcomb*, 31 Vt. 395, 398; *Brigham* v. *Dana*, 29 Vt. 1; Col. on Part. (Perk. Ed.), ss. 20, 39, 649, 656; Hawes Parties, s. 88; *Halliday* v. *Daggett*, 6 Pick. 359; *Dob* v. *Halsey*, 16 Johns. 33; *Hewes* v. *Bayley*, 20 Pick. 96; *Angus* v. *Robinson*, 59 Vt. 585; *Gilmore* v. *Wilbur*, 12 Pick. 120; 1 Chitty Pl., 9, 12 and note; *Helliker* v. *Loop*, 5 Vt. 116; *Baker* v. *Jewell*, 6 Mass. 460.

The wife took no interest in this two hundred dollars. *Davis* v. *Windsor Sav. Bank*, 46 Vt. 728; *Carpenter* v. *Dodge*, 20 Vt. 595; *Sessions* v. *Mosely*, 4 Cush. 87; *French* v. *Raymond*, 39 Vt. 623; *Tate* v. *Hilbert*, 2 Ves. Jr. 111.

ROWELL, J. The plaintiff and his father lived together as one family. They severally owned adjoining farms, which they carried on as one, treating the stock, the increase thereof, and the products of the farms, as common property, each having a joint or common interest therein. Nothing was kept separate, each having an equal right to sell and to receive payment. Plaintiff sold some of this common property to the intestate, and seeks to recover therefor against his estate, to which it is objected that he cannot recover in his own name alone, but that the claim should have been presented in his and his father's name. But the finding is, in effect, that the plaintiff and his father each had the right, as to third persons, to deal with the property as wholly their own, and that a sale by either worked a severance of their joint interest, which would entitle the one selling to recover the price in his own name.

The intestate put two hundred dollars into plaintiff's hands, " for the benefit of himself and wife, to be used as they might need it," " for a rainy day," " for safe keeping." Plaintiff used it to pay off a mortgage on his farm. After many days the intestate, fearing that plaintiff would be trusteed if the money remained in his hands, recalled one hundred and fifty dollars of it, but soon returned it to plaintiff. The money was thus in plaintiff's hands when the intestate died; and after his death, and before the administrator of his estate demanded it of plaintiff, the latter paid out a portion of it for the benefit of the intestate's widow, who, it does not appear, had any separate means of support. The defendant seeks by way of set-off to recover the whole of this money, with interest thereon ; while the plaintiff denies his liability for any of it, and claims that at all events he should be allowed what he has paid thereout for the widow.

If this was a mere deposit, as claimed by the defendant, the plaintiff is liable for the whole ; for then the money would have belonged to the intestate in his lifetime, and to his estate now.

But we think it was a voluntary trust, and that therefore the plaintiff was warranted in paying what he did for the benefit of the widow. The law of voluntary trusts is well enough settled, but it is sometimes difficult to apply it. When one intends to give property to another, and vests the legal title in trustees, if he has such title, and declares a trust upon it in favor of such other, the gift is thereby perfected, and the grantor or donor loses all dominion over it; and if the gift is of personal property, the declaration of trust may be by parol, and the trust is valid although without consideration and unknown to the beneficiary. Nor is any particular form of words necessary to establish the trust, but the evidence to establish it must be clear and convincing, both as to the intent to establish and the execution of that intent. And a trust in personal property may be created for the benefit of the grantor or donor himself, or for him and another; in which case the legal title will vest in the trustee subject to the trust. Thus, in *Foster* v. *Coe*, 4 Lans. (N. Y.) 53, a husband conveyed both real and personal estate in trust for the sole and separate use of himself and wife during his life, so as he alone, or such person as he might appoint, should take and receive the rents, issues, and profits thereof; and after his death, in trust to be disposed of to his heirs as he should direct by will or otherwise or according to law. The property in question in that case was personalty only. It was claimed that inasmuch as the trustee took for the sole and separate use of the grantor and his wife, so as the grantor alone, or such person as he might appoint, should take and receive the rents, etc., and on his death, in trust for his children, that no power was conferred on the trustee over the property, but that he held it for the use and disposal of the grantor at his pleasure, and that therefore the trust was void, and the title still remained in the grantor. But it was held that the grantor's wife was entitled to share in the income of the personal property dur-

ing the grantor's life, and that while it was competent for the grantor to relinquish his interest under the trust in respect of such property, which he had done, he could not relinquish the interest of his wife thereunder.

Now in the case before us, the money was delivered to the plaintiff for the benefit of the intestate and his wife, to be used by them as they might need it. The import of this language is not varied by the other language used, namely, " for a rainy day," " for safe keeping." The unmistakable meaning of it all is, a trust for the purpose indicated, under which the wife was a beneficiary with her husband while he lived and the sole beneficiary after his death. But she was a beneficiary only to the extent of her needs; and as those were supplied short of using the whole fund, the plaintiff must account for the unexpended balance.

The plaintiff is not, by his application to the probate court for an allowance out of the defendant estate for the support of the widow, prosecuting the claim here presented, although he presented the same account in that proceeding; for that proceeding is between the two estates, and therein the probate court could act upon this account only as a means of determining the amount of the allowance, and could not adjudicate it between the plaintiff in his capacity of trustee and the defendant estate, and so the judgment in that proceeding cannot bind here.

There is nothing to show that the trust contravened the rights of creditors, as it does not appear that the intestate had creditors when it was created.

Plaintiff is not chargeable with interest on the one hundred and fifty dollars after he handed it back to the intestate and before demand by the administrator of the defendant estate, for it does not appear that he used it during any of that time, or otherwise made gain, or was in fault in not making gain, out of it. Nor did his refusal to comply with that demand make him liable for interest thereafter, for the

demand was for the whole fund, which the administrator was not entitled to receive, and therefore the plaintiff was not in fault in not complying with the demand. If the demand had been for an accounting and a payment of the balance, and plaintiff had not complied, he might have been in fault, and liable for interest thereafter on the whole balance.

Computation shows that the court below allowed interest on the whole fund from the time plaintiff used it to pay off his mortgage till he handed the one hundred and fifty dollars to the intestate, and on the balance of the fund from that time till the time of judgment, and neither party complains of this method, the plaintiff being charged on the basis adopted.

The fact that the plaintiff did not present to the commissioners his account for disbursements for the widow, does not disentitle him to show it now. That account is not an independent, substantive claim against the estate, to be allowed or disallowed as such, but is relevant only to show the balance of the fund in his hands for which he should account, which is the debt against him. Those disbursements are inseparably connected with the fund, and the two must be adjusted together as parts of one whole.

Plaintiff paid out of the fund at the request of the widow, two small bills against the intestate, which, it is claimed, he had no right to do. But we think such payments came within the scope of the trust. The widow was not thereby restricted to her merely personal needs, but was at liberty to make any other reasonable use of the money that she desired; and if, for reasons personal to herself, she desired these debts to be paid, it was proper for the plaintiff to pay them.

*Judgment affirmed and to be certified to the probate court.*