FRANK CATHCART *vs.* SAMUEL NELSON'S ADM. et al.

May Term, 1897.

Present:   Ross, C. J., TAFT, ROWELL, TYLER, MUNSON, START and
THOMPSON, JJ.

*Voluntary Trust—Sufficiency of Declaration of Trust.*

A present, voluntary declaration of trust in lands, in writing and signed by the declarant, sufficiently designating. the beneficiaries and the interest, will be enforced in equity.

The beneficiaries may be designated by class, as, in this case, "my sister Polly and her children."

A declaration that "the farm" in question "is intended for the benefit of" the persons named, creates a trust in the fee and not in the use merely.

IN CHANCERY, Rutland County. Upon the pleadings, master's report and exceptions thereto, *Tyler*, Chancellor, rendered a *pro-forma* decree overruling the exceptions and granting the prayer of the bill. The defendant appealed.

The defendant first named in the bill is administrator upon the estate of Samuel Nelson. The other defendants and the orator are children or grandchildren of Polly Cathcart, a sister of said Nelson. The husband of Polly Cathcart was dissipated and unthrifty, and her brother purchased the farm in question, taking the conveyance to himself, and on the same day signed and delivered to his sister, together with the deed itself, a writing in the following words: "Oct. 3, 1846. I have this day received a

deed of seventy acres of land from Mr. Josiah Tobey and others for which I am to pay fifteen hundred and seventy-five dollars and interest—five hundred and fifty dollars has been paid.   The farm I intend for the benefit of my sister Polly, the wife of Mr. Luther Cathcart, and her children, and I have made this memorandum so that if any accident should happen to me she will hold this evidence of my intention as well as of my heirs."

The premises have ever since been in the possession of Polly Cathcart or her children.   After the decease of Samuel Nelson, his administrator in Vermont brought an action of ejectment against the orator to recover the premises, and this bill was brought to enjoin that action and to establish the title of Polly Cathcart's children under said writing as a declaration of trust.

*Joel C. Baker* for the orator.

*G. E. Lawrence* and *F. S. Platt* for the defendant.

MUNSON, J.    A voluntary trust actually created will be enforced in equity.   It is not necessary to the creation of a trust that the property be conveyed to a trustee.   It is sufficient if the owner of the property declares that he holds it in trust for a designated person.   If the trust is in land it must be evidenced by some writing signed by the declarant.   The employment of technical terms is not essential.   Any words that clearly indicate a change in the character of the holding will be sufficient.   V. S. 2219; note to *Ellison* v. *Ellison,* 1 Lead. Cas. Eq. 176; note to *Williamson* v. *Yager,* 34 Am. St. 189; *Connecticut River Savings Bank* v. *Albee,* 64 Vt. 571; *Lane* v. *Ewing,* 31 Mo. 75: 77 Am. Dec. 632: *Estate of Smith,* 144 Pa. St. 428: 27 Am. St. 641.

The writing produced in support of the alleged trust is set forth in the master's report.   It is clear that Judge Nelson intended this writing to be final and binding upon him. He executed it on the day he received the deed, and delivered

both deed and writing to Mrs. Cathcart; and the writing declares that she is to hold it as an evidence of his intention as well as of his heirs. It is evident that the benefit mentioned was not to depend upon anything remaining to be done. The paper evidenced the present transfer of a right, and not a mere undertaking to transfer one in the future. So the trust is entitled to enforcement, if otherwise sufficiently declared.

The mention of Mrs. Cathcart's children as a class was a sufficient designation of them as beneficiaries. It does not appear that any of her children were born after the trust was declared, and no question is raised by way of limiting the number entitled to take.

It remains to consider whether there was a sufficient designation of the beneficial interest. A trust will not be executed unless the precise nature of it can be ascertained from the writing. Perry on Trusts, § 83. The declarant recites his purchase of seventy acres of land for a certain price, and says: "The farm I intend for the benefit of my sister Polly * * and her children." The question is whether it clearly appears that the fee was intended rather than the use. All the persons designated could share in the benefit, even if it were held to consist of the use. The word "children" cannot be given the effect of "heirs" as determinative of the nature of the estate. But the word "heirs" is not needed to carry the fee, if an intention to give it is otherwise clearly expressed. A majority of the court think the words employed call for something more than the use. It is "the farm" — the property purchased and described as stated—that is.to be held for the benefit of the persons mentioned. They could not have the full benefit of the property without having the fee. To restrict their interest to the use would limit the ordinary force of the declarant's language.

Mrs. Cathcart died in 1862, and a daughter in 1872. The bill is brought by one of Mrs. Cathcart's children;

and her other children, and the children of the deceased daughter, are made parties defendant with the administrator. The bill prays for an adjudication of the rights of the orator and the defendants. The court of chancery decreed for the orator "according to the prayer of his bill," but the decree is defective because of the generality of the prayer.

> *Decree reversed, and cause remanded with mandate that the injunction heretofore granted be made perpetual, and that the defendant administrator convey the legal title to the children of Polly Cathcart and the children of her deceased daughter, as they are named in the bill, in such manner that the grandchildren shall take the share of their mother; and that in default of such conveyance the decree shall operate as a transfer of the title.*