JAMES LOVE v. ANNIE M. LOVE *et al.*

No. 14,134.    (83 Pac. 201.)

1. PRACTICE, SUPREME COURT—*Resulting Trust Not Proved—Review of Evidence.* In a suit to enforce a resulting trust the court found upon oral testimony that the defendant bought the land in controversy with his own money. This was held conclusive upon review.

2. CONVEYANCES—*"Administrator"—Descriptio Personæ.* Where land was conveyed to "Alexander Love, administrator," it was held that the word "administrator" was merely descriptive of the person.

3. TITLE AND OWNERSHIP—*Resulting Trust—Evidence—Estoppel.* In a suit to enforce a resulting trust it was found that the defendant had in an action brought by a stranger pleaded the existence of such trust, and that he had been appointed guardian of the beneficiaries and as such had sold a part of the property involved. It was held that a *prima facie* case was established against the defendant, but that he was not estopped from showing that he was the absolute owner of the property.

4. GUARDIAN AND WARD—*Trust Fund—Neglect to Sue—Payment—Presumption.* Where it was alleged that a guardian had, ten years before suit was begun, received funds from the sale of his ward's land, and during all that time the plaintiff might have sued therefor but did not, it was held that, in the absence of proof of non-payment, it would be inferred that payment had been duly made.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed November 11, 1905. Affirmed.

*E. B. Gill, J. W. Parker,* and *J. P. Hindman,* for plaintiff in error.

*H. L. Burgess, I. O. Pickering,* and *John T. Little,* for defendants in error.

*Per Curiam:* This is a suit to enforce a resultant trust. It was alleged in the petition that Alexander Love, father of the plaintiff, used large sums of money belonging to the estate of his deceased wife, the mother of the plaintiff, and purchased valuable lands therewith, taking conveyances therefor in his own name, enjoyed the rents and profits thereof for many years, and then exchanged a part of them for other lands to the defendant Mitchell, who took the same with notice, and conveyed the remainder, without consideration, to his second wife, the defendant, Annie M. Love. The plaintiff asks that all these conveyances by his father be canceled; that he and his insane brother, the other children having disclaimed, be declared the owners of one-half the lands originally purchased by his father; and that an accounting be had for rents and profits.

This suit was originally commenced by all of the children of Alexander Love and his deceased wife, five in number. Three of them afterward disclaimed any interest in the suit, and one of them was adjudged insane, and his guardian, Charles C. Hoge, was made a defendant, which left James Love the sole surviving plaintiff. Pending the suit Alexander Love died testate, and his widow, Annie M. Love, was appointed executrix of his will, and was afterward made a party defendant.

The defendants deny that Alexander Love received any money from the estate of his deceased wife, and allege that the lands were bought by Alexander Love with his own money. The court upon the trial filed the findings of fact and conclusions of law separately, which are very full and of great length, embracing many facts which in our view cannot be considered, and therefore we refrain from giving them here.

It was shown, and the court found, that Agnes Love, the deceased wife of Alexander Love, at the time of her death had no estate whatever, and Alexander Love at that time was involved largely, having failed in business some time prior thereto, and was in debt about $20,000; that afterward he engaged in business, out of which he made about $40,000, and that the lands in controversy were bought with money so acquired. The findings show that these lands were not bought with money taken from the estate of the plaintiff's deceased mother, and therefore there was no resultant trust, as alleged in the petition.

Counsel insist, however, that the findings are not sustained by, and ought to be set aside as contrary to, the evidence. To avoid the long-established rule applicable to such cases—that the findings of fact by a trial court, like the verdict of a jury, are final in this court—it is urged that in this case the evidence is all in writing, and can be considered by this court as well as by the trial court, and that the rule above mentioned is intended to apply only in cases where the findings are made from the oral evidence of witnesses. An examination of the record, however, shows that on the trial twelve witnesses were examined orally, one of whom, Annie M. Love, was one of the most important as to these particular facts. She was well acquainted with Agnes Love, deceased, and with her family, was a member of the family of Alexander Love before, at the time of, and since, her death, and was in a position to know more about the financial condition of the plaintiff's mother at the time of her death than any other witness except Alexander Love, deceased, whose deposition was read upon the trial. The reason, therefore, for the rule which bars this court from a reexamination of the evidence applies here with especial force.

Alexander Love was appointed administrator of his deceased wife's estate in the state of Pennsylvania more than four years after her death, and executed a

Love v. Love.

bond as such for $3000. It does not appear that he ever received anything from her estate or did anything further as such administrator. The conveyances received by him for the lands in controversy were ordinary deeds of general warranty, wherein the land appeared to be conveyed to "Alexander Love, administrator, . . . his heirs and assigns." The word "administrator," as used in the deeds, is simply descriptive of the person and is not entitled to any greater significance.

As to a part of these lands an action of ejectment was brought by one Fritz against Alexander Love to recover the same, and the latter filed an answer therein claiming that the land was held in trust by him for his children, naming them. The plaintiff then amended his petition, making the children defendants, to which all the defendants answered by filing a general denial, and on trial the plaintiff was defeated. Alexander Love had himself appointed guardian of his minor children by his first wife, and through proceedings in the probate court sold a part of the real estate as the property of the children. By reason of these acts and statements of Alexander Love it is urged that he was conclusively bound and estopped from showing otherwise upon the trial of this case. These acts unexplained were probably sufficient to make a *prima facie* case in favor of the plaintiff, but they were all satisfactorily explained to the district court by the fact that Alexander Love bought all of these lands with his own money.

We think the evidence presented was properly received, and was sufficient to sustain the findings of the court.

It is claimed that Alexander Love received, as guardian, upon the sale of the lands hereinbefore mentioned, $218.75, which belongs to the plaintiff and has never been paid. It was received more than ten years before this suit was commenced, during all of which time the plaintiff might have sued therefor but did

not. If any reason appears in the record for this long delay it lies in the fact that no proof was offered to show non-payment, and the inference is that payment was duly made.

We have carefully examined the entire record and find no material error. The judgment is affirmed.