BRIDGMAN v. McINTYRE.

1. SPECIFIC PERFORMANCE—BILL—CONTRACT TO CONVEY—PAROL TRUST—ENFORCEMENT.
    Where a landowner agrees in writing to sell a parcel of land to a person who is described in the contract as "trustee," no trust being otherwise expressed in the instrument, a bill by the trustee and his cestui que trust against the landowner for specific performance, in which the trust is fully declared, and a conveyance to the cestui que trust prayed, is not objectionable as an attempt to enforce the execution of a parol trust.

2. SAME—PARTIES—TRUSTS—DECLARATION—SUFFICIENCY.
    Where a contract to convey describes the purchaser as "trustee" but does not otherwise express a trust, the trustee and his cestui que trust may join in a bill for specific performance, the bill constituting a sufficient declaration of trust.

3. TRUSTS—DECLARATION—SUFFICIENCY—STATUTE OF FRAUDS.
    Where a trustee and his cestui que trust join in a bill for specific performance of a contract to convey to the trustee, the contract containing no declaration of the trust, the averments of the bill, in which the trust is fully set forth, constitute a sufficient declaration of trust to satisfy the statute of frauds.

4. SAME—CONTRACT—MUTUALITY—TRUSTEE.
    A contract to convey to a person described as trustee is not wanting in mutuality because the cestui que trust is not disclosed therein, the word being merely descriptive of the person.

Appeal from Genesee; Law, J., presiding. Submitted October 9, 1907. (Docket No. 11.) Decided November 5, 1907.

Bill by Harry L. Bridgman and the Masonic Temple Association against Catharine A. McIntyre for the specific performance of a land contract. From a decree overruling a demurrer to the bill, defendant appeals. Affirmed.

*Brennan & Cook*, for complainants.

*Clinton Roberts*, for defendant.

MONTGOMERY, J. This is a bill filed for the specific performance of a contract reading as follows:

"FLINT, December 11, 1906.

"It is hereby contracted and agreed by and between Catharine McIntyre, of the first part, and Harry L. Bridgman, trustee, of the second part. It is hereby agreed and contracted by the said parties that the first party is to sell and convey to the party of the second part the resident property, including the two lots fronting Beach street where she resides, and the 132 feet fronting Buckham street, for the consideration of $10,000, and to give a good and perfect title thereof, said second party this day pays $50 as earnest money, and to pay the balance March 1st, 1907; at such time the first party is to give possession of said property and give a good and warranty deed and perfect title. First party reserving chandeliers in house.

"Signed the 11th day of December, 1906.

(Signed)    "CATHARINE A. McINTYRE.
"HARRY L. BRIDGMAN, Trustee."

The bill alleges that the Masonic Temple Association authorized and directed the complainant Harry L. Bridgman, trustee, to purchase the lands in question for the consideration and on the terms named in the contract; that the complainant Bridgman, as trustee, thereupon made and entered into the contract and paid the $50 down payment, and later on demanded a warranty deed running to the complainant Bridgman, trustee, and offering to pay her the remaining $9,950 in legal tender money, but that performance of the contract was refused by defendant. The bill further alleges that upwards of 4,000 shares of the par value of $10 each of the capital stock of the Masonic Temple Association has been subscribed upon the express understanding and condition that title to the real estate in question should be acquired and made use of by the association.

Defendant demurred to the bill of complaint and upon the

demurrer being overruled has appealed the case to this court for decision. The grounds of demurrer set forth are as follows:

"*First*. That no trust is fully expressed and clearly defined upon the face of the instrument creating it as set forth in said bill.

"*Second*. That under the facts alleged in the bill of complaint the Masonic Temple Association, one of the complainants, can enforce no claim to said property, and is therefore not a proper party complainant.

"*Third*. That it is an attempt to enforce the execution of a parol trust.

"*Fourth*. That no contract for the sale of lands exists between the defendant and the complainant the Masonic Temple Association entitling it to specific performance or any other relief.

"*Fifth*. That the memorandum set forth in said bill of complaint [the contract hereinbefore set out] is void for want of mutuality.

"*Sixth*. That the memorandum set forth in said bill of complaint is void under the statute of frauds.

"*Seventh*. That the memorandum set forth in said bill of complaint is void under the statute of uses and trusts."

It is undoubtedly true that no trust is fully expressed and clearly defined upon the face of the instrument. It is also true, undoubtedly, that the Masonic Temple Association could not in the absence of its co-complainant, Bridgman, enforce a claim to the property. It is a mistake, however, to say that this is an attempt to enforce the execution of a parol trust. This is an attempt to enforce the execution of a contract which the defendant made with the complainant Bridgman, in which Bridgman was described with sufficient particularity to then satisfy the defendant. He was named as trustee. Possibly the word is simply descriptive of the person; but it can make no difference to the defendant what becomes of this property after she has performed the contract on her part. It is no concern of hers. What should concern her is her obligation to keep faith with the complainant Bridgman with whom she has contracted. True, it is said that the use of

the word "trustee" implies that some person other than Bridgman is interested in this property. The theory of the bill of complaint is that there is such a person; the cestui que trust is named as a very proper although not a necessary party, and the declaration of trust which was previously wanting as between the two complainants is now in this bill clearly made. This shows the Masonic Temple Association as much entitled to be made a party as though Bridgman had assigned his claim to his co-complainant. That the declaration in the pleading constitutes a sufficient declaration of trust is established by the cases. *Patton* v. *Chamberlain*, 44 Mich. 5, and cases cited.

As to the contention that there is want of mutuality in this contract, when we have said that the use of the word "trustee" following the name of the second party in the contract was simply descriptive of the person the objection for want of mutuality is sufficiently answered. Bridgman signed the contract, and although there was no sufficient declaration of trust as between himself and his cestui que trust he would not be heard to question the obligation of his contract any more than we now permit the defendant to repudiate the obligation incurred by herself.

The decree is affirmed, with costs of both courts.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.