A. R. STRAW ET AL. *v.* RICHARD MOWER ET AL.

May Term, 1925.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Trusts—Creation of Voluntary Trust in Personal Property—
Pleading—Demurrer—Word as Descriptio Personae—Suffi-
cient Declaration of Trust Under G. L. 2745—Creation of
Trust in Lands—Sufficiency of Instrument to Meet Require-
ments of G. L. 2745—Status of Parol Trust Fully Per-
formed—Sufficiency of Performance of Parol Trust to With-
stand Challenge as to Validity—Consideration—Essentials
of Testamentary Instrument—Conveyance of Property Un-
der Parol Trust Not Testamentary—Owner's Power to Dis-
pose of Property Through Medium of Trustee.*

1.  Voluntary trust in personal property may be created by parol.
2.  Allegations of complaint are admitted by demurrer.
3.  Where deed on its face conveyed to grantees full and absolute title
    to property therein described but designated them as "trustees,"
    the word "trustee," as there used, was merely *descriptio per-
    sonae.*
4.  Complaint by grantee in deed, seeking to establish parol trust in
    land, conveyed to him according to terms as set forth in com-
    plaint, and to perpetually enjoin defendants from interference
    in carrying out provisions of such trust, *held* to constitute
    sufficient declaration of trust within meaning of G. L. 2745.
5.  A trust concerning lands may be created and declared by same
    person, or it may be created by one person and declared by
    another, and while it must be either created or declared in
    writing such writing need not be formal in character.
6.  Any instrument, which sufficiently defines object and terms of
    trust, signed by either person who creates trust or person who
    declares it, meets requirements of G. L. 2745.
7.  After a parol trust has been fully performed and executed, it will
    be upheld at instance of trustee or beneficiary, and Statute of
    Frauds is inapplicable.
8.  Allegations in complaint by grantee in deed, seeking to establish

parol trust in land conveyed to him, and to perpetually enjoin defendants from interference in carrying out provisions of such trust, while not showing that trust had been fully executed, *held* to show that it had been so far executed that defendants should not be permitted to challenge its validity.

9. Where grantor conveyed land to trustee under a parol trust, the trust having been completely executed on part of grantor, no consideration for deed was necessary.

10. Essential characteristic of an instrument testamentary in nature is that it operates only upon, and by reason of, death of maker, and until that time title to property, legal and equitable, remains unchanged in testator, and he may sell, convey, and dispose of same as fully and completely as if no will had been made by him.

11. Where grantor, upon delivery of deed conveying property to grantees under parol trust, thereby immediately parted with title to such property, legal and equitable, and also with his control over same, except in so far as grantees saw fit to discharge moral obligations resting upon them by virtue of their oral agreement with him, the disposition was not testamentary, the character thereof not being affected by fact that some objects of trust could not be performed until after death of grantor, since disposition of property after death of owner, the uses to which it shall be devoted, and designation of persons who shall then come into its beneficial use and enjoyment may be effectually accomplished otherwise than by will.

12. Right and power of owner to dispose of his property through medium of trustee, appointed by deed or other suitable declaration of trust, is subject only to conditions that purpose of trust must not be in contravention of command or policy of law.

APPEAL IN CHANCERY. Heard on bill and demurrer by the chancellor at the December Term, 1923, Lamoille County, *Willcox,* Chancellor. Demurrer sustained, bill adjudged insufficient and bill dismissed. The plaintiffs excepted and appealed. The opinion states the case. *Reversed, demurrer overruled, complaint adjudged sufficient, and cause remanded.*

*W. E. Tracy* and *Walter A. Dutton* for the plaintiffs.

*H. M. McFarland* for the defendants.

SLACK, J.   This case comes here on plaintiffs' appeal from a decree sustaining the demurrer to the complaint and dismissing the complaint.

The plaintiffs are children or grandchildren or, as we understand, legal representatives of children or grandchildren of Thomas A. Straw, formerly of Stowe, Vermont, deceased, by a second wife, Caroline (Rand) Straw; and the defendants, except Luce, are children or grandchildren or, as we understand, legal representatives of children or grandchildren of said Thomas by his first wife, Phoebe (Wilkins) Straw, Luce is administrator of the estate of Mary A. Jenney, a daughter of Thomas A. Straw by his second wife.

The material allegations of the complaint are, in substance, these: The said Thomas A. Straw was twice married. By his first wife he had four children, namely, Phoebe, Henry, Nancy, and Lucretia; and his second wife bore him five children, namely, Albert, Mary, Rose, Herbert, and Hattie. Mary married George W. Jenney about 1866, and they lived together at Stowe until his decease in 1888. Thereafter, she continued to reside at Stowe until October, 1916, when she died intestate, and without issue. She was survived by all of her own brothers and sisters and by her half-sister Lucretia. Herbert and Rose have since deceased. On June 21, 1916, Mary conveyed to Albert and Rose certain real estate and personal property by deed which is in the language following:

"KNOW ALL MEN BY THESE PRESENTS: That Mary A. Jenney of Stowe, in the County of Lamoille and State of Vermont, in consideration of One Dollar and other valuable considerations paid to my full satisfaction by Albert R. Straw and Rose D. Straw, Trustees, of Stowe, in the county of Lamoille and State of Vermont, by these presents. do freely give, grant, sell, convey and confirm unto the said Albert R. Straw and Rose D. Straw and their heirs and assigns forever, a certain piece of land in Stowe, in the county of Lamoille and State of Vermont, described as follows, viz.:" (here follows a description of the real estate) "I also convey all my personal estate of every name and nature including household furniture, all bills and accounts due me.

TO HAVE AND TO HOLD said granted premises, with all the privileges and appurtenances thereof, to the said Albert R. Straw and Rose D. Straw, Trustees as aforesaid, their heirs and assigns forever; and I, the said Mary A. Jenney, for myself and

my heirs, executors and administrators, do covenant with the said Albert R. Straw and Rose D. Straw, Trustees as aforesaid, their heirs and assigns that until the ensealing of these presents I am the sole owner of the premises and have good right and title to convey the same in manner aforesaid; that they are free from every encumbrance; and I hereby engage to warrant and defend the same against all lawful claims whatever.''

For some years prior to the giving of said deed Albert, with his family, resided in a portion of the grantor's house and Rose occupied rooms with the grantor in the same house—the two ''keeping house by themselves for the most part.'' The three were always very friendly. In the spring of 1916 Mary's health began to fail and she talked with Albert about disposing of her property, and some time before the execution of said deed she told him and Rose what disposition she desired to make of her property and gave them instructions concerning the same. When the deed was executed and delivered, it was with the express understanding between Albert and Rose and Mary that the deed was not intended to convey to the grantees absolute title to the property therein described, but that they took the property as trustees and were to dispose of it according to said verbal instructions. Those instructions were that said property should be used, first, to pay the debts and funeral expenses of the grantor; second, a sufficient sum should be set aside to care for the Jenney family burying lot in Riverbank Cemetery in Stowe; third, markers should be provided for the graves of the grantor, her husband, her sister Rose, and her sister Mrs. F. O. Burt; fourth, Rose should be supported during her lifetime out of the income of said estate; fifth, Albert should be provided for during his lifetime out of the income of said estate, if such income were sufficient for that purpose, and if not he had the right to use so much of the principal as was necessary for his proper care and maintenance; and sixth, at the decease of Albert, one-third of what remained of said estate was to go to the children of Herbert; a like third to the children of Hattie; and the remaining third to the children of Albert. All of the conditions of said trust except the last have been fully carried out and performed in accordance with said verbal instructions. The heirs-at-law of Mary, other than those benefited by said trust, are now attempting to have her estate administered. The defendant Luce has been appointed administrator of said estate and is demanding of Albert that he surrender and turn over possession of all the real

estate and personal property described in said deed to him, the said Luce. That the probate court within and for the probate district of Lamoille is demanding of Albert that he account to it for all of said property. And by reason of the premises Albert is hindered and prevented from executing and carrying out the terms of said trust. The prayer of the complaint is for a decree establishing said trust according to the terms set forth in the complaint and for a perpetual injunction enjoining the defendants from further interference with Albert in carrying out the provisions of said trust. The complaint is duly subscribed and sworn to by Albert.

The defendants Mower, Cheney, McMahon, and Bundy filed a joint and several answer in which they incorporated a demurrer, assigning as the grounds therefor the following: (1) The trust sought to be established by the complaint was not created or declared by an instrument in writing signed by the party creating or declaring the same, or by his attorney; (2) The trust sought to be established by the complaint was founded on no consideration, contained no names of beneficiaries, did not set forth the terms of any trust or establish the same and is therefore void; and (3) The attempted disposition of the property by deed as set forth in the complaint and as claimed by the plaintiffs is testamentary in character and cannot be enforced.

The other defendants filed no pleadings, but that circumstance, so far as appears, has not been noticed thus far and, since the questions presented for review are not affected thereby, we notice it only for the purpose of indicating that the situation has not been overlooked by us.

[1] So far as the personal property is concerned the first objection interposed by the demurrer cannot avail the defendants, since a voluntary trust in such property may be created by parol. *Williams* v. *Haskins' Estate,* 66 Vt. 378, 29 Atl. 371; 26 R. C. L. 1194; 39 Cyc. 51, and cases there collected.

[2] Whether the objection can avail as to the real estate depends upon the force and effect to be given to the complaint, the allegations of which are admitted by the demurrer, or whether it can be said that the allegations of the complaint show that the trust has been so far executed as to take it out of the statute.

[3] The deed, on its face, conveyed to the grantees full and

absolute title to the property therein described; the word
"Trustee" as there used, being merely *descriptio personae.*   This
conclusion is supported by *Fargason* v. *Ford,* 119 Ga. 343, 46
S. E. 431; *Cairns* v. *Hay,* 21 N. J. Law, 174; *Hart* v. *Seymour,*
147 Ill. 598, 35 N. E. 246; *Greenwood Lake, etc., R. R. Co.* v.
*New York, etc.,* 134 N. Y. 435, 31 N. E. 874; *Fowler* v. *Coats,*
201 N. Y. 257, 94 N. E. 997; *Towar* v. *Hale,* 46 Barb. (N. Y.)
361; *Title Guarantee, etc., Co.* v. *Fallon,* 101 App. Div. 187, 91
N. Y. S. 497; *Kanenbley* v. *Volkenberg,* 70 App. Div. 97, 75
N. Y. S 8; *Van Schaick* v *Lese,* 31 Misc. Rep. 610, 66 N. Y. S.
64; *Pfeiffer* v. *Rheinfrank,* 2 App. Div. 574, 37 N. Y. S. 1076;
*Greenfield* v. *Stone,* 122 Ga. 303, 50 S. E. 111; *Love* v. *Love,*
72 Kan. 658, 83 Pac. 201; *Clapp* v. *Maurer,* 94 Kan. 549, 146
Pac. 1155.

Until the capacity in which the grantees hold the property
was disclosed by the complaint there was no ground, so far as
appears, upon which their title thereto could be challenged.

[4-6]   But the defendants contend that since it appears
from the complaint that the grantees hold the property in trust,
and also that the trust agreement under which they hold it rests
entirely in parol, the plaintiffs' case falls.   This claim rests, of
course, on the assumption that the complaint itself does not
constitute a declaration of trust within the meaning of G. L.
2745, which provides that "A trust concerning lands, except
such as may arise or result by implication of law, shall not be
created or declared, unless by an instrument in writing signed
by the party creating or declaring the same, or by his attorney."

The seventh section of the English statute of frauds (29
Car. II, Ch. 3, § 7) enacted that all declarations or creations of
trusts or confidences in any lands, tenements or hereditaments,
"shall be manifested and proved, by some writing signed by the
party who is by law to declare such trust, or by his last will in
writing," or else they shall be utterly void and of no effect.
That statute has been substantially reenacted in some of the
United States.   In those states and in England it is held that the
requirements of the statute are met if the trust is *manifested* or
*proved* by some writing signed by the party to be charged with
the trust.   A bill in chancery (*Bridgman* v. *McIntyre,* 150 Mich.
78, 113 N. W. 776); answer (*Schumacher* v. *Draeger,* 137 Wis.
618, 119 N. W. 305; *Myers* v. *Myers,* 167 Ill. 52, 47 N. E. 309;
*Maccubbin* v. *Cromwell,* 7 Gill & J. (Md.) 157; *McVay* v. *Mc-*

*Vay,* 43 N. J. Eq. 47, 10 Atl. 178; *Preston* v. *Preston,* 202 Pa. 515, 52 Atl. 192; *Patton* v. *Chamberlain,* 44 Mich. 5, 5 N. W. 1037); deposition (*Pinney* v. *Fellows,* 15 Vt. 525 [construing a statute, in effect, like the English statute]; *Kellogg* v. *Peddicord,* 181 Ill. 22, 54 N. E. 623); and various other instruments (39 Cyc. 54, and cases there collected), have been held sufficient for that purpose. These cases are authority for holding that the complaint in the instant case constitutes a sufficient declaration of trust, unless other and different proof is required by our statute, which requires that trusts concerning lands must be *created* or *declared* by an instrument in writing, etc., than is required by the English statute which is satisfied if the trust is *manifested* and *proved* by some instrument in writing, etc. Mr. Perry in his work on Trusts (6th ed.), Vol. 1, § 77, after carefully reviewing this question, says: ''Upon sound reason then, and upon the decided cases, it would seem that the peculiar form of words in some of the statutes of the American states has not altered the general rule, as established under the English statute; and that the same evidence would be generally received in the United States to establish a trust, as in England.'' Among the cases to which he refers are *Pinnock* v. *Clough,* 16 Vt. 500, 508, 42 A. D. 521; *Jenkins* v. *Eldredge,* 3 Story, 294, 13 Fed. Cas. 502, and *Pratt* v. *Ayer,* 3 Chand. (Wis.) 265.

In *Pinnock* v. *Clough* it is said that ''Our statute is the same in effect as the English statute.'' In *Jenkins* v. *Eldridge,* Mr. Justice Story said: ''My opinion has proceeded upon the ground, that there is no substantial difference between the statute of frauds of Massachusets, either under the act of 1783, c. 37, § 3, or the Revised Statutes of 1835, c. 59, § 30 [which is practically identical with our statute] and the statute of 29 Car. II, c. 3; on the subject of trusts; and such is the conclusion to which I have arrived, upon the examination of the statutes.'' And in the Wisconsin case it was held, under a statute like that of Massachusetts and our own, that a trust was sufficiently *created* or *declared* if shown by any proper written evidence, such as an answer to a bill in chancery, note, letter, or memorandum, disclosing facts which created a fiduciary relation.

*Garnsey* v. *Gothard,* 90 Cal. 603, 27 Pac. 516, is to the same effect. It was there held that the verified answer of a trustee that he held the property in trust was a sufficient declaration to meet the requirement of Civil Code, § 852, which provided that

trusts relating to lands must be *created* or *declared* in writing, etc. And in *Salisbury* v. *Clarke,* 61 Vt. 453, 17 Atl. 135, this Court said, in effect, that proof that would satisfy the English statute would fulfill the requirements of our statute. The question there presented, as stated by the Court, was: ''Did the writings create or declare a trust?'' The Court said: ''Now while it is true that a trust may be created or declared by a writing of an informal nature, *e. g.,* a letter, receipt, answer in chancery, deposition, a recital in a deed, a memorandum of almost any kind, still the objects and nature of a trust must always appear from such document with sufficient certainty.'' A trust concerning lands may be created and declared by the same person (*Cathcart* v. *Nelson's Admr.,* 70 Vt. 317, 40 Atl. 826), or it may be created by one person and declared by another (*Barron* v. *Barron,* 24 Vt. 375; *Barber* v. *Thompson,* 49 Vt. 213). The statute does not require that it be created *and* declared in writing, but that it be so created *or* declared. Nor does the statute require that the writing be formal in character. It would seem, therefore, that any instrument, which sufficiently defines the object and terms of the trust, signed by either the person who creates the trust *or* the person who declares it, meets the requirements of our statute. Without pursuing our inquiry farther, we hold that so far as the character of proof is concerned our statute is, in effect, the same as the English statute, and that the complaint in the instant case is a sufficient declaration of trust to meet the statutory requirements.

[7, 8] The fact that the trust had been performed affords an additional reason why it should be enforced. The doctrine of part performance, strictly speaking, is ordinarily invoked by one who attempts to show that the holder of the legal title is in fact merely a trustee, on the ground that one of the parties to the trust agreement has so far performed the same that it would be inequitable for the trustee to refuse to completely perform. See 39 Cyc. 52. But it is generally held that after a parol trust has been fully performed and executed, it will be upheld at the instance of the trustee or the beneficiary, and the Statute of Frauds deemed to have no application. *Karr* v. *Washburn,* 56 Wis. 303, 14 N. W. 189; *Blaha* v. *Borgman,* 142 Wis. 43, 124 N. W. 1047; *Johnston* v. *Jickling,* 141 Iowa, 444, 119 N. W. 746; *McCormick, etc., Co.* v. *Griffin,* 116 Iowa, 397, 90 N. W. 84; *Hays* v. *Reger,* 102 Ind. 524, 1 N. E. 386; *Bork* v. *Martin,* 132 N. Y.

280, 30 N. E. 584; *King* v. *Bushnell,* 121 Ill. 656, 13 N. E. 245; *Collins* v. *Collins,* 98 Md. 473, 57 Atl. 597, 103 A. S. R. 408, 1 Ann. Cas. 856; *Lasley* v. *Delano,* 139 Mich. 602, 102 N. W. 1063. These cases hold, in effect, that such trusts are not void; that the statute is for the protection of the holder of the legal title, to enable him in case his title is assailed while the trust is still executory to insist on certain modes of proof, but if he elects to forego such statutory protection, and performs the moral obligation resting upon him by virtue of the trust agreement, it does not lie in the mouth of a party who has acquired no intervening rights to say that the contract was void and that it therefore conferred no rights. While the allegations of the complaint do not show that the trust in the instant case has been fully executed, they show that it has been so far executed that the defendants, as the case now stands, should not be permitted to challenge its validity.

[9]   The second ground of demurrer is without merit. The object and terms of the trust are specifically set forth in the complaint which constitutes a declaration of trust, and, since the trust has been completely executed on the part of the grantor, no consideration for the deed was necessary. 39 Cyc. 41; 26 R. C. L. 1186. The property was the grantor's to do with as she pleased. She could, so far as these defendants are concerned, for aught that appears, give it away if she chose, either directly or in trust. *Schumacher* v. *Draeger, supra.*

[10-12]   The final ground of demurrer is likewise untenable. The essential characteristic of an instrument testamentary in nature is that it operates only upon, and by reason of, the death of the maker. Until that time title to the property, legal and equitable, remains unchanged in the testator, and he may sell, convey, and dispose of the same as fully and completely as if no will had been made by him. These principles are elementary. That such is in no sense the effect of the transaction before us is too obvious to admit of argument. The grantor, upon delivery of the deed, immediately parted with his title to the property, legal and equitable, and, likewise, with his control over the same, except in so far as the grantees saw fit to discharge the moral obligations that rested upon them by virtue of their oral agreement with him. That some of the objects of the trust could not be performed until after the death of the grantor does not affect the question, since the disposition of

property after the death of the owner, the uses to which it shall be devoted, and the designation of the persons who shall then come into its beneficial use and enjoyment may be effectually accomplished otherwise than by will. This is frequently done, as here, through the medium of a trustee, who may be appointed by deed, or other suitable declaration of trust, as well as by will. Subject only to the condition that the purpose of the trust be not in contravention of the command or policy of the law, the right and power of the owner of property to thus dispose of it cannot be doubted. *Lewis* v. *Curnutt,* 130 Iowa, 423, 106 N. W. 914; *Nichols* v. *Emery,* 109 Cal. 323, 41 Pac. 1089, 50 A. S. R. 43.

This disposes of all questions that require attention.

*Decree reversed; demurrer overruled; complaint adjudged sufficient; and cause remanded.*