# WILLIAM BAILEY

*v.*

# WILLIAM B. WEST.

TRUST ESTATE — *dower*. Where a person holds lands in trust for another, the wife of the trustee is not entitled to dower in such premises. But until the establishment of the trust the widow is *prima facie* entitled to dower, and in a suit to establish the trust, the widow of the trustee and her husband by a second marriage, are necessary parties. Her separate deed after her second marriage and during coverture could not operate to relinquish her dower in the premises. Nor could she convey her right of dower before it was assigned, to any person but the owner of the fee. The husband of the widow by the second marriage, if she had dower in the premises, was entitled to the rents and profits, and should have been made a party that he might contest the establishment of the trust, and could not be barred from asserting the right except he was a party to the decree.

WRIT OF ERROR to the Circuit Court of De Kalb county; the Hon. ISAAC G. WILSON, Judge, presiding.

This was a bill in equity, filed by Wm. B. West and Hira? Barrett, to the September Term, 1859, of the De Kalb Circuit Court, against Lydia Low, John Bailey, Wm. Bailey, Frederick W. Bailey and George Bailey.

The bill alleges, that Thomas R. Green, prior to the 21st of February, 1849, had purchased and was the owner of the W. ½ S. W. qr. sec. 27, T. 40, N. R. 5 E. 3 Prin. Mer. That he on that date conveyed the same to Wm. Bailey, Jr., for $100. That Wm. Bailey, Jr., at the same time agreed with his father, Wm. Bailey, Sr., to convey to him on the payment of the $100 and interest. That, in August following, Wm. Bailey, Jr., died, leaving Lydia, his widow, who, in February, 1854, executed a deed of conveyance for the land to Wm. Bailey, Sr. In the following month of June, Wm. Bailey, Sr., and wife, conveyed the lands to Frederick W. Bailey. Afterward, in October, 1855, the elder Bailey also died.

Afterward, in October, 1856, Frederick executed to Wm. J. Hunt a trust-deed, to secure the payment of $109. Afterward,

in October, 1857, he executed another deed of trust on the land to Maybourn, to secure the payment of $642, due to Barrett. That Lydia Bailey, before the commencement of the suit, married William Low. That Frederick conveyed the land in May, 1858, to George Bailey, and in December, 1858, Hunt sold the land on the trust-deed and West became the purchaser.

The bill prays that defendants be decreed to pay complainants the amount paid by West at Hunt's sale, and retain the land, or that the land be conveyed to complainants.

A guardian *ad litem* was appointed for the minor defendants, who answered, and requires proof of the allegations of the bill. Lydia Low answered, denying the allegations of the bill, but exceptions were sustained to it, and the bill was taken as confessed as to her and the other adult defendants, and referred to a master to take and report proofs. A hearing was had and a decree rendered, granting the relief sought, and that West stand seized of the premises. To reverse which, the record is brought to this court, and various errors are assigned.

Mr. RICHARD L. DIVINE, for the plaintiff in error.

Mr. J. H. MAYBORNE, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted, that Green conveyed the land in controversy to William Bailey, Jr., to secure the purchase-money loaned by him to his father, for the purpose of making payment to Green, of whom he had purchased. The title in fee having vested in William Bailey, Jr., his wife, *prima facie*, became entitled to dower in the premises, and, at his death, her inchoate right became a vested interest, which she could enforce at law, but which might be defeated in equity by showing that her husband, in his life-time, only held the land in trust for his father. When the latter, or his heirs, paid the money to her, to secure the payment of which the land had been conveyed to her husband, her receipt of the money and conveyance to

William Bailey, Sr., if made before her last marriage, divested her right of dower in the premises, if he was the owner in equity.

Until, however, the trust was established, she would be entitled to dower in the land. When she married Low, he became entitled to an interest in her dower in the land during their joint lives. If she still held dower, he became, by the marriage, vested with the right to receive rents and profits of her dower after it should be assigned to her. And, for the purpose of procuring an allotment, he could institute the necessary legal proceedings. This, then, vested him with such an interest, and rendered him a necessary party to this bill. He had a right to be heard before his apparent right was divested.

Her separate deed, after her marriage with Low, did not transfer her title to William Bailey, Sr. Of this conveyance there seems to be no evidence in the record, but the court below finds, in the decree, that Lydia Low had so conveyed the premises. After her marriage, a deed from her without her husband's uniting in its execution could convey no title. It is true, that, in another part of the decree, there is a recital that Lydia Bailey had quitclaimed the land to William Bailey, Sr. Which of these recitals is true, we are unable to determine in the absence of all the evidence. If the latter is true, then the release of her interest in the land would be good, if the elder Bailey was the equitable owner in fee; otherwise it would not affect her interest, as she could not convey her dower before assignment. *Blain* v. *Harrison*, 11 Ill. 384. This, therefore, made Low a necessary party, as he had the right to contest the right of William Bailey, Sr., to the land. If it appeared that William, Jr., only held the land as a security for money advanced to William, Sr., on its payment to him, or to his legal representative after his death, the object of the trust then ceased, and William Bailey, Sr., or his heirs or grantees, would, in equity, be entitled to a reconveyance. On the death of William, Jr., the fee simple held by him vested in his heirs, and the conveyance by his widow, whether before or after her marriage with Low, did not affect their title.

For the want of necessary parties, the decree of the court below is reversed and the cause remanded, with leave to amend, by making new parties.

*Decree reversed.*