ELIZA HEACOCK

*v.*

WILLIAM LUBUKE.

*Filed at Ottawa May 10, 1883—Rehearing denied September Term, 1883.*

1. BURNT RECORDS ACT—*petitioner need not be in possession.* Under what is known as the "Burnt Records act," the petition to establish title need not show that the petitioner is in possession of the land, or that it is vacant and unoccupied, as is required on bill to quiet title. Section 16 of that act expressly authorizes the petitioner to make all persons in possession, or claiming an interest in the land, parties defendant, thus creating a clear and marked distinction between a case under that act and a bill to quiet title.

2. SAME—*act not unconstitutional.* The Burnt Records act is not unconstitutional, as depriving the parties of a trial by jury, but is a valid law.

3. EVIDENCE—*sufficiency—to establish the execution of a deed.* In a proceeding under the Burnt Records act to establish title to land under a deed destroyed by fire, the petitioner proved by a clerk of an abstract firm, whose business it was daily to make abstracts of all deeds filed for record in the county, that a warranty deed from the defendants, husband and wife, to the party under whom petitioner claimed title, No. 113,608, was filed for record September 16, 1871, consideration $500, giving a description of the land conveyed; that the deed was dated September 14, 1871, but that there was an error in the year, being 1801, and that the deed was properly acknowl-. edged. He testified from the minutes he made the next day after the deed was filed. A partner of the grantee also testified that the husband obtained a loan of the grantee, and gave this deed as security for the money, and that he thought the wife also executed it in his office and in his presence, and that the deed was then taken to an officer to be acknowledged. Petitioner also put in evidence an abstract of title made for the defendants in due course of business, and which was in their possession. This showed the deed dated September 14, 1801, recorded September 16, 1871, from the de-

fendants to the same grantee: *Held*, that this evidence was sufficient to establish the execution of the deed, though the defendants positively denied that they ever executed and acknowledged the same.

4. SAME—*to overcome certificate of acknowledgment of deed.* In the absence of proof of fraud and collusion on the part of the officer taking and certifying the acknowledgment of a deed, the officer's certificate of the acknowledgment, in proper form, must prevail over the unsupported testimony of the party grantor that the same is false and forged.

5. LIMITATION—*under act of 1835.* The Limitation law of 1835 requires an actual residence on the land for the period of seven years before suit is brought, to be a bar.

6. SAME—*under act of 1839.* Possession and payment of taxes for seven successive years, under the act of 1839, without color of title, creates no bar; and where a party having a deed which is both title and color of title, makes a conveyance, he parts with his color of title, and stands as if he had never had any, and possession and payment of taxes thereafter for seven years, will not avail him, for want of color of title.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. J. BURNHAM, for the plaintiff in error:

This case does not fall within the purview of the Burnt Records act. The scope of that act is fixed by its title, "to remedy the evils consequent upon the destruction of public records by fire or otherwise." It can not be enlarged by liberality of construction, nor by anything contained in the act itself. Its limit is fixed by organic law. Const. 1870, art. 4, sec. 13.

The evils to be remedied were the loss of the evidence afforded by the records, and the uncertainty of titles resulting therefrom. There are but two ways possible to remedy such evils,—the restoration of such records, as far as practicable, and making the next best evidence admissible in their stead.

Anything in that act purporting to give courts of chancery jurisdiction in cases which, before its passage, were not within their jurisdiction, is absolutely void, and the merest surplusage. If such proceedings as this do fall within the

purview of the act, the act is unconstitutional, as depriving parties of the right to trial by jury. Const. 1870, art. 2, sec. 5.

The complainant was not in possession, and hence he can not have an adverse title adjudged bad and removed as a cloud. *Oakley* v. *Hurlbut,* 100 Ill. 204; *Hardin* v. *Jones,* 86 id. 313; *Gage* v. *Abbott,* 99 id. 366; *Whitney* v. *Stevens,* 77 id. 585; *Comstock* v. *Henneberry,* 66 id. 212.

The petition showed that the defendant was in possession claiming in fee; therefore, a court of chancery was not the proper forum. *Hamilton* v. *Quimby,* 46 Ill. 90; *Green* v. *Spring,* 43 id. 280.

Not every case of accident will justify the intervention of a court of equity. 1 Story's Eq. Jur. sec. 78; *Fisher* v. *Sievres,* 65 Ill. 99; *Patton et al.* v. *Campbell,* 70 id. 72.

A defence was shown under the Limitation law. Actual residence upon the land all the time is not necessary to make possession under the statute. *Russell* v. *Mandell,* 73 Ill. 136.

Mr. E. A. OTIS, for the defendant in error:

The certificate of the acknowledgment of a deed made in due form must prevail over the unsupported testimony of the grantor. *Russell* v. *Baptist Theological Union,* 73 Ill. 337; *Canal and Dock Co.* v. *Russell,* 68 id. 426; *Kerr* v. *Russell,* 69 id. 669; *Tunison* v. *Chamblin,* 88 id. 378; *Marston* v. *Brittenham,* 76 id. 611.

The declarations of a grantor, made after a sale of the property, can not be received to impeach or affect the title of his grantee or those claiming under him. *Gridley* v. *Bingham,* 51 Ill. 153.

The act under which this proceeding was had is constitutional. *Bertrand* v. *Taylor,* 87 Ill. 235.

This act, unlike the law for bills purely to remove clouds on titles, provides that parties in possession shall be made defendants. Whether, in the absence of such a statute, a

court of chancery would have power to restore a title, need not be considered. In *Robinson* v. *Ferguson,* 78 Ill. 538, it was held that the court had power to decree in favor of the better title, and this case was followed in *Mulvey* v. *Gibbons,* 87 Ill. 367, and *Garrick* v. *Chamberlain,* 97 id. 620.

The law is not invalid as depriving the plaintiff in error of his right to trial by jury, for, as held in *Ward* v. *Farwell,* 97 Ill. 593, that right does not apply to cases where equitable jurisdiction may be created.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition brought by William Lubuke in the Superior Court of Cook county, on the 6th day of March, 1879, under what is known as the "Burnt Records act," to establish title to certain lands in Cook county which he claimed to own in fee. Eliza Heacock, her husband, William O. Heacock, and others, were made defendants to the proceeding. The petition averred that in July, 1870, Eliza Heacock became seized of an undivided three-fourths of the premises, and that William O. Heacock became seized of an undivided one-fourth of the premises; that said parties derived title through a regular and connected chain of deeds, from the United States down to themselves. It is also alleged that on the 12th day of July, 1871, William O. and Eliza Heacock executed a contract, by which they agreed to convey the premises to Susan W. Sinclair, and the latter, on July 22, 1871, executed her contract to reconvey to Eliza Heacock and her husband an undivided one-half of the premises upon the payment of $200 within six months. It is also alleged that on the 14th day of September, 1871, Eliza Heacock and William O. Heacock, by deed of that date, conveyed the land to Susan W. Sinclair, from whom petitioner, under a regular chain of conveyances, derived title. Plaintiff in error interposed a demurrer to the petition, which was overruled by the

court. She then filed an answer, under oath, in which she denied the execution and acknowledgment of the alleged deed of September, 1871, and claimed the benefit of the Statute of Limitations of seven years under title deducible of record, also possession and payment of taxes for seven successive years under color of title.

Before proceeding to the consideration of the main question in the case, which involves the merits of the controversy, it may be necessary to notice some of the technical questions raised on the argument.

It is said that this was a proceeding in the nature of a bill to quiet title, and as complainant was not in possession, the bill would not lie. This court has held, in a number of cases, that courts of chancery will not interfere to remove a cloud upon the title of a complainant unless the complainant is in the lawful possession of the land, or unless the land is unoccupied; but those cases have no bearing whatever on a case of this character. This petition was filed under chapter 116 of the Revised Statutes of 1874, and was fully warranted by the terms of the statute. Section 16 of the act expressly authorizes the petitioner to make all parties in possession or claiming an interest in the land, parties defendant to the petition, thus creating a clear and marked distinction between a case of this character and a bill to quiet title, where the complainant must be in possession or the land vacant before a court of chancery will entertain a bill.

But it is said the Burnt Records act is unconstitutional, as it in effect deprives a party of the right of trial by jury. Since the passage of the act its validity has been sustained in a number of cases, and in *Bertrand* v. *Taylor*, 87 Ill. 235, the law was held to be constitutional. It will not be necessary, therefore, to enter upon a discussion of that question here.

This brings us to the main question in the case, and that is, whether Eliza Heacock and William O. Heacock executed

the alleged deed of the premises to Susan W. Sinclair on the 14th day of September, 1871. The grantees both testify unhesitatingly that they never executed or acknowledged the deed. In addition to this they proved that Sinclair sent a messenger to Eliza Heacock in September, 1873, to see if the land could be purchased. It was also proven that Mrs. Heacock continued to claim the land after the alleged sale, and paid the taxes thereon from year to year. This, in substance, is the evidence relied upon to overcome the proof of conveyance made by defendant in error.

The deed of September 14, 1871, as well as the record of the deed, were destroyed by fire, and could not be produced by the complainant in the bill; but he did produce several witnesses who saw the deed and testify to its contents. Lange, who, in 1871, was entry clerk for Jones & Sellers, an abstract firm in Chicago, whose business it was to take minutes of all instruments filed in the recorder's office each day, testified that a warranty deed from Eliza Heacock and her husband to Susan W. Sinclair, No. 113,608, was filed for record September 16, 1871; consideration, $500; land conveyed, northeast quarter of north-west quarter of section 4, township 37, range 12 east, in Cook county, Illinois. The deed was dated September 14, 1871, but there was an error in the year, being 1801. The minutes made by the witness contained nothing in regard to acknowledgment, as his practice was to make no mention of the acknowledgment unless it was in some way defective. This witness seems to be entirely disinterested, and testifies from memoranda which he made from the deed itself the next day after it was filed for record. Tompkins, who was at the time of this transaction a partner of Sinclair, testifies, in substance, that Heacock made a loan of money of Sinclair, and gave the deed as security for the payment of the money; that he thinks the deed was executed by Mrs. Heacock in his presence, in his office, and subsequently taken to an officer to be acknowledged. Complain-

ant also put in evidence an abstract of title which was made for Heacock in due course of business, and was in his possession. This showed a deed dated September 14, 1801, recorded September 16, 1871; Eliza Heacock, and William O. Heacock, her husband, to Susan W. Sinclair; conveys the land in controversy.

The evidence of the two witnesses who saw the deed, in connection with this abstract of title, in our judgment is ample to establish the execution of the deed of September 14, 1871. The first witness alluded to above saw the deed, and testifies that it was in due form, conveyed the land, and was properly acknowledged. Can a deed thus executed and acknowledged be overcome by the unsupported testimony of the grantors that they never executed the instrument? In *Lickmon* v. *Harding*, 65 Ill. 505, this court held: "In the absence of proof of fraud and collusion on the part of the officer taking and certifying the acknowledgment of a deed, the officer's certificate of the acknowledgment, in proper form, must prevail over the unsupported testimony of the party grantor that the same was false and forged." This has been followed by a number of other cases where the same doctrine has been announced. *Canal and Dock Co.* v. *Russell*, 68 Ill. 426; *Kerr* v. *Russell*, 69 id. 669; *Russell* v. *The Baptist Theological Union*, 73 id. 337; *Marston* v. *Brittenham*, 76 id. 611; *Tunison* v. *Chamblin*, 88 id. 378.

The authorities cited, in our judgment, settle the question, beyond dispute, that the testimony of plaintiff in error was not sufficient to overcome the proof of the execution of the deed. If a deed conveying lands could be impeached by the testimony of the grantor alone, titles to real property would be insecure, and consequences of the most disastrous character might, and doubtless would, result.

It is, however, claimed that plaintiff in error was entitled to protection under the limitation laws. The proof does not establish actual residence on the land for a period of seven

years before suit was brought, which the act of 1835 requires to establish the bar. As to the defence under the act of 1839, if plaintiff in error was in possession of the premises for seven successive years under color of title made in good faith, and paid all taxes assessed on the premises during that period, they would be in position to claim the benefit of the statute. The testimony may be regarded as sufficient to establish seven years' possession, as it is quite plain, from the evidence, that Eliza Heacock was in possession at the time she sold to plaintiff in error, and that she held that possession until 1875, when she moved upon the premises, and remained there until suit brought. As to the payment of taxes for seven successive years as to the undivided half of the land, we think the proof sufficient. Mrs. Heacock testified that she paid the taxes since she bought the land, and she produced tax receipts for several years, and testified that the others had been destroyed. But the trouble in regard to the defence, under the statute, is the want of color of title in the defendant. Possession and payment of taxes, to be of any avail, must be under color of title. It is true that the deeds under which plaintiff in error acquired title in 1870 were both title and color of title, but when they executed the deed to Susan W. Sinclair, September 14, 1871, that color of title was conveyed, and after that they had no color of title to the premises. After they executed the deed they occupied the same position in regard to the premises that they would have occupied had they never received a deed of the property, and where a party goes into possession of lands under no deed or paper title whatever, possession and payment of taxes, however long continued, would not ripen into a bar under the act of 1839. The party claiming under the act must have color of title, and where they have deeded the premises, no color of title can exist in such party. They can not go back and set up a claim of color under the deed made to them, after they have conveyed the premises.

We therefore perceive no tenable ground on which plaintiff in error can rely upon either the act of 1835 or 1839.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT:   I do not concur in this opinion.

Mr. JUSTICE WALKER:   I concur in affirming the decree. Inasmuch as a jury was not demanded on the hearing, the question of whether a jury should have been allowed does not arise in the case.