. NATHAN A. KING

*v.*

THORETT C. BUSHNELL *et al.*

*Filed at Springfield September 27, 1887.*

1. DOWER—*as to property held in trust.* Where a person holds land in trust for another, the husband or wife of such trustee is not entitled to dower in the same.

2. STATUTE OF FRAUDS—*to whom availing—as to an executed trust.* The Statute of Frauds is a defence personal to one making a verbal promise to convey land, and where a mother purchased land with. the money of her children, a conveyance of the land by her to her children, in execution of the trust imposed by law upon her, will be binding upon her husband, and he · can not avoid the same.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JAMES W. ENGLISH, and Mr. E. A. DOOLITTLE, for the plaintiff in error:

In order to constitute a resulting trust, all or a part of the purchase money of the *cestui que trust* must have been paid on the purchase at the time of the purchase. *Stevenson* v. *Thompson,* 13 Ill. 186; *Alexander* v. *Tams,* id. 221; *Remington* v. *Campbell,* 60 id. 516; *Perry* v. *McHenry,* 13 id. 227; *Reeve* v. *Strawn,* 14 id. 94; *Williams* v. *Brown,* id. 201; *Crane* v. *Caldwell,* id. 468; *Greene* v. *Cook,* 29 id. 193; *Walter* v. *Klock,* 55 id. 362; *Rogers* v. *Simmons,* 55 id. 76; *Loomis* v. *Loomis,* 28 id. 456; 4 Kent's Com. 305.

The transaction by which Mrs. King acquired the title to the land was so tainted with fraud as against creditors, that a court of equity will not assist the parties in obtaining rights under such a transaction. *Leggett* v. *Dubois,* 5 Paige, 117; *Redmond* v. *Packenham,* 66 Ill. 434.

Mr. JAMES R. WARD, and Mr. FRANK A. WHITESIDE, for the defendants in error:

This is an executed trust. Mrs. King is not alive, and a party to this suit, pleading the Statute of Frauds to defeat the just claims of her children. Had she refused, her children could have compelled her to execute the trust. *Ferbrache* v. *Ferbrache,* 110 Ill. 218.

The Statute of Frauds is a defence personal to the party to the contract, and plaintiff in error has not pleaded, and could not, in this case, avail himself of it. *Carpenter* v. *Davis,* 72 Ill. 14; *Dock Co.* v. *Kinzie,* 49 id. 289.

That a trust was created in this case, which, in equity, protected the defendants in error from any adverse claim by their mother or her husband, is fully sustained by the principles announced in *Seaman* v. *Cook,* 14 Ill. 501; *Rice* v. *Rice,* 108 id. 199; *Scheerer* v. *Scheerer,* 109 id. 12.

42—121 ILL.

The wife of plaintiff in error having taken a deed in her name to the property in controversy, under the circumstances proven in this case, the law created her the trustee of her children, and during all the time plaintiff in error was her husband, she, by operation of law, so held the premises in trust.

It is well settled that where a person holds lands in trust for another, the husband or wife of such trustee is not entitled to dower in such premises. *Bailey* v. *West*, 41 Ill. 290.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill filed by the plaintiff in error, Nathan A. King, to recover dower in certain lands of which his wife died seized in fee, as he alleges.

The facts disclosed by the record are, that Curtis Bushnell died intestate April 24, 1859, leaving Zerilda J. Bushnell, his widow, and four minor children, his only heirs-at-law, surviving him. At the time of his death Curtis Bushnell was seized in fee simple of four hundred and sixteen acres of land, which included the premises in controversy. Zerilda J. Bushnell was appointed guardian of the minor children during the year 1859, and remained their guardian until June, 1863, when she resigned the guardianship, and Nathan A. King, the plaintiff in error, was appointed her successor. On the 23d day of February, 1863, Nathan A. King was married to Zerilda J. Bushnell, and he continued to discharge the duties of guardian of said minor children until August 19, 1865, when he separated from his wife and resigned said guardianship. Mrs. Zerilda J. King was thereupon re-appointed guardian of the said children, and so remained until their majority, when she settled with her wards and was discharged by the court. She died some time in the year 1880, without issue by plaintiff in error.

The lands of which Curtis Bushnell died seized were sold, under decree of court, by the administrator, for payment of the debts of the estate. There were two such administrator's sales,

one in 1860, at which Zerilda J. Bushnell became the purchaser of a portion of the premises in controversy, (she giving her note and mortgage on the land purchased, for the purchase money,) and the other sale was in April, 1865, at which S. H. Winchell, the husband of one of the minor children, became the purchaser of the remainder of the premises in controversy, for the purchase money of which he gave his note and mortgage on the land purchased. He, on the same day of the sale, conveyed the land he purchased, to the said Zerilda J. King, as had been previously arranged.

There was testimony to the effect that, prior to the administrator's sales, there was an agreement between Zerilda J. Bushnell, the children and the administrator, that she was to bid off the lands sold, for the children, and take a deed, and hold the lands in her name, for the children, until they became of age, when she would equally divide the land among them, and convey it to them; that under this agreement she purchased and held the land in trust for the children, which agreement she carried out, in her lifetime, by conveying to her children when they became of age; that by reason of the understanding that the land was to be purchased for the children, it sold for not more than one-third of its value; that at the second sale the premises were bid off in the name of Winchell, instead of Zerilda J. King, to obviate the necessity of her husband, Nathan A. King, from whom she was then separated, joining in the mortgage for the purchase money; that the notes given for the purchase money were paid with the children's money; that after the purchases Mrs. King frequently spoke of the land as the children's land, admitted that she bid it off and held it in her name in trust for the children. The latter (two of them being boys) farmed the land, raised crops on it, and the crops were treated as the children's. We can not say that the facts which such testimony tended to show were not sufficiently established by the evidence, and, upon such facts, we are of opinion there was sufficient support for the decree

finding for the defendants and dismissing the bill. Where a person holds land in trust for another, the husband or wife of such trustee is not entitled to dower in such premises. *Bailey v. West,* 41 Ill. 290.

The Statute of Frauds, which is relied upon, does not appear to be any sufficient answer to the facts set up in defence. In addition to the objection of the statute being a defence personal to the party making the verbal promise, of which King could not avail himself, and to the claim of there being a resulting trust from the purchase of the land with the children's money, it is sufficient that there was an execution of the trust in the lifetime of Mrs. King, by her conveyance of the land to the children.

There is manifestly no force in the objection that the transactions through which defendants in error acquired title to the premises were tainted with fraud toward the creditors of the estate of Curtis Bushnell, deceased, and so their title should not be sustained. There are no creditors of the estate complaining here, and there is nothing in the record to show that such creditors have not been satisfied.

The decree will be affirmed.

*Decree affirmed.*