### Elizabeth Dickerson v. Lyda Gritten.

1. WRITTEN INSTRUMENTS—*Proof Necessary to Impeach Certificate of Acknowledgment.*—While the certificate of the acknowledgment of a deed may be impeached, it has been repeatedly held in this state that the proof to sustain such charge must be of the clearest, strongest and most convincing character.

2. DOWER—*In Lands Held in Trust.*—One who holds land in trust only, is not seized of an indefeasible estate of inheritance, and his wife can have no right of dower in it.

Bill to Set Aside a Conveyance.—Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed June 20, 1902.

Appellee, a resident of Vermilion county, filed her bill in chancery in the Circuit Court of Champaign County, in

which she stated that she was married to one Laban
Gritten and resided with him as his wife prior to 1893,
when she was divorced from him on account of his fault;
that during the marriage, on, to wit, February 11, 1899,
and prior thereto, Gritten was the owner in fee simple of
section nineteen, township twenty-one, range fourteen west
of the second P. M., in Champaign county, Illinois; that on
said date a quit-claim deed was executed and delivered to
Elizabeth Dickerson conveying said land to her, and that
the deed purported to be signed by Laban Gritten and
appellee, his wife, by their respective marks, and purported
to have been acknowledged by them on that date before
one David Crawford, a notary public of Champaign county;
that she did not sign said deed, or authorize such signature,
and had no knowledge of the existence of such deed until
about May, 1894; and that the said deed is a forgery. She
prayed for a cancellation of the deed and asked for a decree
declaring that she had an inchoate right of dower in the
land.

Appellant filed an answer denying that Laban Gritten
was ever the owner of the land and averred that the con-
veyance was made from her husband, Ezra Dickerson, to
Laban Gritten for the purpose of securing Gritten from
loss by reason of his becoming security for Dickerson, and
averred that appellee and her husband joined in the execu-
tion of the deed to appellant. She afterward filed an
amended answer, in which she denied that Laban was ever
the owner of the land or had any interest in it, and averred
that the conveyance made by Dickerson and her to Gritten
was made under the advice of one David Crawford, a
notary public of that county, for the purpose of enabling a
conveyance to be made to appellant, Crawford advising
that a man could not make a conveyance of land direct to
his wife. The amended answer further avers that appellee
knew the reason for making such conveyance and volunta-
rily joined in the deed of February 11, 1889.

The case was referred to the master in chancery to take
the evidence and report conclusions of law and fact. The

master reported that Crawford, the notary public, had a bad reputation for truth and honesty; that his certificate of acknowledgment was impeached and that appellee never executed the deed in question. He further found that the land in question was conveyed by Ezra Dickerson to Laban Gritten for the purpose of having Laban Gritten convey the same to Dickerson's wife, the appellant; that such conveyance was accepted by him for that purpose and was afterward acted upon by him accordingly; that such conveyances were voluntary and that no consideration ever passed either from or to the said Laban Gritten, and that Laban Gritten was never in possession of the land under such conveyance; that Laban Gritten was never seized of an indefeasible estate of inheritance in said premises and that in no event could the complainant be vested with an inchoate right of dower.

Exceptions were filed to his report and overruled by him. The revenue was changed from Champaign to Douglas county because the presiding circuit judge, F. M. Wright, had at one time been interested in the subject-matter of the case as an attorney.

The cause came on for a hearing upon exceptions to the master's report. The court overruled the exceptions as to the finding of the master that the deed was not executed by appellee, but sustained them as to the other findings, and rendered a decree finding that the deed was not the deed of appellee and that she had an inchoate right of dower in the premises described. By its decree, the court canceled the deed so far as appellee was concerned and entered judgment against appellant for costs.

John J. Rea, attorney for appellant.

W. R. Blackburn, attorney for appellee.

Mr. Justice Harker delivered the opinion of the court.

In this case two questions are presented for decision: First. Did appellee join in the execution of the deed to appellant? Second. Was Laban Gritten seized of such

an indefeasible estate in the premises described in the deed as would entitle appellee to dower therein upon his death?

It appears in evidence without dispute that Laban Gritten executed the deed. But it is contended that appellee's signature to it is a forgery, and that the officer's certificate of acknowledgment, so far as she is concerned, is false and fraudulent. In addition to the certificate of the notary, David Crawford, we have in the record the testimony of three witnesses, Laban Gritten, Ezra Dickerson and William Hines, who stated positively that they were present and heard appellee direct Crawford to sign her name to the deed, and heard her acknowledge to him that she executed it. Opposed to that evidence we have the testimony of appellee denying that she at any time directed Crawford to sign her name to the deed, and denying that she ever acknowledged her execution of it to him. As tending to corroborate her, she introduced testimony showing that she was able to write her own name, and did so when executing deeds, and was not compelled to sign by mark, and that Crawford's reputation for truth and honesty was bad. It is insisted also that the absence of the original deed, and the vague proof as to what had become of it, is a circumstance in support of appellee.

When the testimony was taken Crawford was dead. Quite a number of witnesses testified that his reputation for truth and honesty was bad, while there are others who testified that it was good. There was also testimony tending to impeach Laban Gritten by showing that he had stated in the presence of witnesses that appellee did not sign the deed. There are many other conflicts, and we are forced to say, after a careful consideration of the entire testimony, as it appears in the master's report, that we are unable to reach a satisfactory conclusion upon the question of whether she executed the deed. Our minds are left in grave doubt.

While the certificate of the acknowledgment of a deed may be impeached, it has been repeatedly held in this state that the proof to sustain such charge must be of the clear-

est, strongest and most convincing character. Kerr v. Russell, 69 Ill. 666; Canal and Dock Co. v. Russell, 68 Ill. 428; Lickmon, Executor, v. Harding, 65 Ill. 505; Russell v. Baptist Theological Union, 73 Ill. 337; Heacock v. Lubuke, 107 Ill. 396; Sassenberg et al. v. Huseman et al., 182 Ill. 341. In Russell v. Baptist Theological Union, *supra*, Chief Justice Walker said:

." It is a rule that the acknowledgment of a deed can not be impeached for anything but fraud, and in such case the evidence must be clear and convincing beyond a reasonable doubt; and while the making of a false certificate would be a fraud upon the party against whom it is perpetrated, there is in favor of the officer the fact that he is under his official oath when he makes the certificate, and the liability to indictment, conviction and infamy is certainly as strong incentive to truthful and honest action as is the restraint imposed on an interested witness, struggling for the gain following success in a suit, and escaping loss by defeat."

When we apply to the evidence in this case the doctrine announced in the cases cited, we do not feel justified in holding that appellee did not sign the deed.

Upon the other questions, however, we entertain no doubt. The evidence convinces us that when Dickerson conveyed the land to Gritten it was not in pursuance of any bargain to sell, but was done for the purpose of getting the title into Dickerson's wife, the appellant, in order that the land might not be reached by creditors of Dickerson. Dickerson and his wife were living upon the land at the time and had occupied it as their home for a number of years. They continued to occupy it and control it after the conveyance the same as before. While there is some proof that Gritten exercised certain acts of ownership, it is of a vague and uncertain character and we think that what he did do in that direction was explained in a manner consistent with the contention that he was not in fact the owner. His statements that he was the owner, made to third parties, and the unsworn answer to a suit in equity to set aside the conveyance because fraudulent as to creditors were not sufficient to overcome the proofs of appellant as

to the actual ownership and occupancy of the land. No doubt he and Dickerson, under the advice of Crawford, and for the purpose of making effective the scheme of getting the title into appellant so that the land could not be reached to satisfy claims against Dickerson, represented that the transaction was a *bona fide* sale, but evidence of such representations could only be regarded in the light of impeachment of them as witnesses. They could not be considered by way of estoppel against appellant. Notwithstanding such representations, the facts remain that Gritten never took, or attempted to take, possession of the land or any part of it; that he never received any of the rents or profits of the land; that Dickerson continued in the possession and control of the land, just as he had before the deed to Gritten was executed, and received the rents and profits just as he had before, and that a conveyance was soon made in pursuance of the agreement that Gritten should be the medium, merely, of the voluntary conveyance from Dickerson to his wife.

As Gritten held the land in trust only, he was not seized of an indefeasible estate of inheritance and his wife could have no right of dower in it. Bailey v. West, 41 Ill. 290; King v. Bushnell et al., 121 Ill. 656. So whether she executed the deed or not, she had no standing in a court of equity and her bill should have been dismissed for that reason.

The decree will be reversed and the cause remanded, with directions to the Circuit Court to dismiss the bill.

Mr. Justice WRIGHT took no part in the decision.