620        APPELLATE COURTS OF ILLINOIS.

Brunswick Balke Collander Co. v. Campbell, 189 Ill. App. 620.

## Brunswick Balke Collander Company, Defendant in Error, v. Frank D. Campbell, Plaintiff in Error.

### Gen. No. 20,101.

1. DESCENT AND DISTRIBUTION, § 83*—*proof sufficient to establish plea of riens per descent.* A plea of *riens per descent* is established by showing that the beneficial title was not in the devisor at the time the will took effect.

2. DESCENT AND DISTRIBUTION, § 83*—*when parol evidence sufficient to establish plea of riens per descent.* In an action by a creditor of a testator against a devisee of real estate, the defendant may establish his plea of *riens per descent* by showing that he became the beneficial owner of said real estate under an oral contract of sale made between him and the testator before the will took effect, and such evidence is not rendered inadmissible by the provision of the statute of frauds which makes a contract for a conveyance of land unenforceable unless there is a signed memorandum thereof by the party to be charged.

3. DESCENT AND DISTRIBUTION, § 81*—*parties.* In a suit by a creditor of the testator against a devisee of real estate to enforce the liability of the defendant under section 12 of the Statute of Frauds and Perjuries, (J. & A. ¶ 5878,) where the defendant and another were executors under the will, the defendant's coexecutor is not a necessary party.

4. WITNESSES, § 95*—*competency.* In a suit by a creditor of a testator to enforce the liability of a devisee of real estate under section 12 of the Statute of Frauds and Perjuries, (J. & A. ¶ 5878) the devisee is not rendered incompetent to testify by section 2 of the Evidence Act, (J. & A. ¶ 5519.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed November 30, 1914.

E. W. ADKINSON, for plaintiff in error.

CHARLES HUDSON, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The plaintiff below, the Brunswick Balke Collander

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Company, defendant in error here, obtained a judgment in the Municipal Court of Chicago November 15, 1913, against the defendant below, Frank D. Campbell, the plaintiff in error here, for $500 and costs.

The basis of the judgment was the liability of Charles M. Campbell, the father of the defendant, on certain appeal bonds. Although some question is made by the plaintiff in error as to whether, even if he be liable at all, the judgment is not about $12 too large, we think that this may be ignored in our consideration of the case. We think the liability of Charles M. Campbell, had he been living, for the full amount of the judgment rendered would have been established by the evidence offered by the plaintiff.

The alleged liability of the defendant in this case, however, the son of Charles M. Campbell, is predicated on section 12 of the Statute of Frauds and Perjuries. That section reads, so far as it is necessary to quote it, as follows:

"When any lands, tenements or hereditaments, or any rents or profits out of the same, shall descend to any heir, or be devised to any devisee, and the personal estate of the ancestor of such heir or devisor of such devisee shall be insufficient to discharge the just demands against such ancestor's or devisor's estate, such heir or devisee shall be liable to the creditor of their ancestor or devisor to the full amount of the lands, tenements or hereditaments, or rents and profits out of the same, as may descend or be devised to the said heir or devisee."

The plaintiff proved the appeal bonds in question and the breach of their conditions and the amount due on them. He then produced in evidence a will of Charles M. Campbell, which had been admitted to record and probate, in which was the following devise:

"Unless I shall convey to my beloved son, Frank D. Campbell, during my lifetime, the following described real estate, viz.: The east thirty seven and one-half feet (E. 37½ ft.) of three (3) lots on Seventy-

second street between Kimbark and Madison avenues, I give and bequeath the said real estate to him to be his absolute estate forever, subject, however, to the incumbrance which may be thereon, which I direct shall be paid by him and not charged to my estate.''

The will left all the remainder of the testator's estate to his sons, George A. Campbell and Frank D. Campbell, in trust, to pay over the income to his widow during her life or widowhood. After the death or marriage of the widow it was to go to the said sons absolutely. The said sons were appointed executors of the will.

The plaintiff then offered the inventory filed by said executors in the Probate Court, setting forth that Charles M. Campbell died leaving no personal property, and describing only one piece of real estate, and that in these words:

''Lot Thirteen (13) and the east half of Lot Fourteen (14) in Block Eleven (11) in J. G. Shortall's (Trustee) Subdivision of the North half of the Northeast quarter of Section Twenty-six (26), Township Thirty-eight (38) North, Range 14 East of the Third Principal Meridian in Cook County, Illinois. Title by warranty deed from Sarah A. Dickerman and husband believed to be perfect, but encumbered by trust deed to the Chicago Title and Trust Company, Trustee, dated April 6, 1904, to secure the sum of Two Thousand ($2,000) Dollars, due five years after date with interest at five and one-half per cent., payable semi-annually. Said property has been registered under the Torrens Law.

''The title to said real estate stands in the name of Charles M. Campbell, but the undersigned executors understand that the real beneficial title to said property is in Frank D. Campbell. That the title to said property was held by Charles M. Campbell for the use and behoof of the said Frank D. Campbell, his heirs and assigns and that the incumbrance thereon was really the indebtedness of the said Frank D. Campbell.''

It was thereafter stipulated on the record that the piece of real estate thus described in the inventory was the same piece as that described in the will as the east thirty-seven and one-half feet of three lots on Seventy-second street, etc.

Following this the plaintiff introduced in evidence a Torrens certificate of title, dated June 6, 1904, certifying that Charles M. Campbell was then the owner of an estate in fee simple in said described land. He then called the defendant to the stand under section 33 of the Municipal Court Act, and proved by him the value of the land in question to be $4,000. He then rested his case.

Section 13 of the Statute of Frauds and Perjuries is, in part:

"When any action or suit is brought against any heir or devisee, he may plead *riens per descent* at the time of the commencement of the action or suit."

The defendant had in this cause pleaded *riens per descent* according to the approved forms so far as the system of pleading in use in the Municipal Court permitted, by stating in his affidavit of defense:

"FIRST: That he received no property by descent or devise from said Charles M. Campbell.

"SECOND: That the property described in the plaintiff's statement of claim" (i. e. the property above described) "was purchased by this defendant from the said Charles M. Campbell in the lifetime of the said Charles M. Campbell, and was paid for in full by this defendant to the said Charles M. Campbell prior to the death of the said Charles M. Campbell.

"THIRD: That this defendant and the said Charles M. Campbell accounted together, and the said Charles M. Campbell promised to execute a deed to said property, but by reason of his sudden death in Florida the same had not been executed and delivered to this defendant, although this defendant says he has fully paid the purchase price agreed upon."

We have no doubt that if the defendant should prove the statements made in the second and third para-

graphs of this affidavit, he would thereby (in connection with the evidence offered by the plaintiff) establish in legal effect the truth of the first paragraph, which was the essential plea to be proven by him, *riens per descent*.

This was apparently not the view of the court below, however, and the contention of the plaintiff—the defendant in error in this court—is to the contrary.

The defendant testified in his own behalf, in effect, that he had purchased the property in question from his father in his lifetime for $1,500 in cash and the assumption of a mortgage of $2,500 which existed on the property; that he had paid the $1,500 in full to his father and reduced the incumbrance by $500, but that owing to his father's sudden death in Florida, the deed had not been executed and delivered. He offered the checks showing the payments to his father. But at the close of the evidence for the defendant the court on motion of the plaintiff struck it all out and gave judgment for the plaintiff.

It does not appear from the record on what ground this action was taken, but the counsel for defendant in his argument asserts that it was "on the ground that the contract testified to, being an oral contract for the sale of land, was void and could not be availed of by the plaintiff in error in this case," and color is lent to this statement by the fact that, as appears by the record, the court refused the request of the defendant that it should hold the following propositions of law:

"1. The Statute of Frauds being a personal defense to the parties to the contract, the plaintiff in this case being a creditor only of one of the parties to the contract cannot interpose the defense of the Statute of Frauds.

"2. The Court holds the law to be that the Statute of Frauds is a personal defense to be interposed by a party or privy to a contract, and that a creditor not being a party or privy to the contract cannot avail

himself of the Statute of Frauds as a means of enforcing or defeating the cause of action.''

We think these propositions both stated the law correctly when properly construed. Counsel for plaintiff, however, point out that it is by the 12th section of our statute—''To revise the law in relation to frauds and perjuries''—that the action at law is given to a creditor of a testator against devisees of real estate, and that therefore it cannot be properly said that a creditor ''cannot avail himself of the Statute of Frauds.'' This is a technically accurate statement, but the meaning attached to the words ''Statute of Frauds'' in the submitted proposition very evidently did not apply to all the sections of the act, but to that primary provision which makes a contract for the conveyance of land unenforceable unless there is a signed memorandum of the same by the party to be charged.

However, it makes no difference whether the court was justified in refusing to hold the propositions in question on account of their general language or not. The essential error complained of was in striking out the evidence for the defendant. That evidence was both competent and material.

If the facts were as stated by the defendant he took nothing by descent or devise from his father, and established the truth of the plea the law allowed him to make.

Counsel for the defendant say: ''The real matter at issue in the trial Court was whether the land had been conveyed to the defendant prior to the death of the father''; but this is not so.

The real question is whether it *belonged* to the defendant prior to the death of the father, and if he was the holder of the entire beneficial interest; it made no difference to the creditor's rights whether the land had been ''conveyed'' or not. The creditor could not in any event avail himself of the fact that the father

had signed no memorandum of sale, and it is by no means certain that the father himself could have done so after the payments made by the son. At all events, the representatives of his estate are not attempting to. Even if the bare legal title descended to the defendant by the devise, he took that legal title in trust to cause it to follow the beneficial one. The naked legal title was no "asset" and had no value. The plea of *riens per descent* would be established by showing that the beneficial title was not in the devisor at the time the will took effect.

And the plaintiff cannot, because the devisor had not signed a memorandum of sale, be heard to the contrary. *Kelly v. Kendall,* 118 Ill. 650; *King v. Bushnell,* 121 Ill. 656.

It follows of course that the fact that the property had been previously by the devisor registered under the Torrens Act and that the certificate was outstanding, was immaterial.

It is suggested by the plaintiff in error, although not by defendant, that possibly the court struck out the defendant's testimony on the supposed ground that the defendant was incompetent to testify under section 2 of the Evidence Act. This is hardly likely, as the section clearly does not apply to Campbell's testimony. Of course, if the evidence was rejected for any such reason, the rejection was erroneous.

Complaint is made by the plaintiff in error that there was a defect of parties in the suit in that the other executor of the will of Charles M. Campbell was not made a party. We do not think this objection is well taken.

But for the error indicated in striking out the evidence introduced by the defendant, the judgment of the Municipal Court is reversed and the cause remanded to that court for proceedings not inconsistent with this opinion.

*Reversed and remanded.*